EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HID GLOBAL CORPORATION, | ) | |
| Plaintiff, | ) | C.A. No. 21-1769-VAC-JLH |
| v. | ) | (Consolidated) |
| | ) | |
| VECTOR FLOW, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| HID GLOBAL CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-203-VAC-JLH |
| v. | ) | |
| | ) | |
| AJAY JAIN, VIKRANT GHAI, AND | ) | |
| SHAILENDRA SHARMA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF HID GLOBAL CORPORATION**

Defendants Vector Flow, Incorporated ("Vector Flow") and the Individual Defendants (as defined below) through their undersigned attorneys, hereby request that Plaintiff HID Global Corporation ("HID"), respond in writing to the following interrogatories separately, fully, and under oath within 30 days of service.  The responses to these interrogatories shall be made in accordance with the Instructions and Definitions below.  The full text of the Definitions and Instructions shall be deemed incorporated by reference into each interrogatory.

**DEFINITIONS**

1.      "Vector Flow" means Vector Flow, Incorporated, a defendant in this action, and each of its officers, directors, current and former employees, partners, joint ventures, board

members, corporate parent(s), subsidiaries, affiliates, or predecessors, and all persons acting on its behalf.

2.      "HID" means HID Global Corporation, the plaintiff in this action, and each of its officers, directors, current and former employees, partners, joint ventures, board members, corporate parent(s), subsidiaries, or affiliates, and all persons acting on its behalf.

3.      "You" or "Your" refers to HID.

4.      "Individual Defendants" means Defendants Ajay Jain, Vikrant Ghai, Shailendra Sharma, and any other individuals HID may name as defendants in this action in the future.

5.      "Actions" means the lawsuits filed by HID against Vector Flow and the Individual Defendants currently pending in the United States District Court of the District of Delaware, entitled *HID Global Corp. v. Vector Flow Inc.*, C.A. No. 21-1769-VAC-JLH, and *HID Global Corp. v. Jain et al.*, C.A. No. 22-203-VAC-JLH.

6.      "Communication(s)" means any transmission of information from one person or entity to another by any means including written transmissions, in the form of facts, ideas, inquiries, or otherwise.

7.      "Document(s)" shall have the broadest meaning ascribed to that term by Federal Rule of Civil Procedure 34, and includes documents and electronically stored information whose discovery is permitted under Federal Rule of Civil Procedure 34(a)(1), and writings as defined by Federal Rule of Evidence 1001(a).  A draft or non-identical copy is a separate document within the meaning of this definition.  Documents include Communications, and include all papers, records, white papers, computer disks, computer files, electronic mail, computer databases, web pages, and other items or material upon which information is recorded or from which information may be obtained or retrieved by visual inspection or other means, including, without limitation,

whether printed, recorded, or reproduced by any mechanical, electronic, or computer processes, and includes documents HID has in its possession, custody, or control, or has the right to obtain upon request or demand. This definition includes copies, reproductions, and facsimiles of documents as well as information stored electronically or on computer storage media, including, but not limited to, magnetic tapes, computer disks containing source codes, and computer software libraries. If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within the meaning of this definition. If the original of any document is not produced, provide the name and address of the person or entity having possession, custody, or control of the original.

8.      "Person(s)" means any natural person or any business, legal, social, or governmental entity or association.

9.      "Related to" or "relating to" means constituting, comprising, concerning, containing, mentioning, pertaining, involving, describing, depicting, discussing, commenting on, embodying, referring to, responding to, supporting, setting forth, showing, disclosing, explaining, or summarizing, either directly or indirectly, in whole or in part, as the context makes appropriate, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

10.      "Thing(s)" means any tangible item other than a Document, whose discovery is permitted under Federal Rule of Civil Procedure 34(a)(1).

11.      "Trade Secret(s)" means any alleged trade secret that You claim was misappropriated by Vector Flow and/or any Individual Defendant.

## INSTRUCTIONS

1.　　These Interrogatories shall be deemed continuing, so as to require additional responses if You obtain additional responsive information between the time these Interrogatories are answered and the time of trial of this Action. Your attention is directed to Federal Rule of Civil Procedure 26(e) for a statement of the duty to supplement Your responses to these Interrogatories.

2.　　In answering these Interrogatories, You are required to make full and complete answers. You must include in Your answers all information known to You or that is available to You, including any and all information that You can obtain from (1) making inquiry of Your principals, agents, employees, attorneys, representatives, any persons acting or purporting to act on Your behalf, and any other persons in active concert and participation with You, or with them, whether past or present and without regard to whether or not their relationship with You currently exists or has been terminated, and (2) making examination of any and all Documents or Things in Your possession, custody, or control that in any way refer or relate to the information sought by these Interrogatories. If You elect to answer any Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), Vector Flow requests that You identify the particular Document(s) relating to the subject matter of the specific interrogatory by Bates number.

3.　　Each Interrogatory is to be construed as asking for the source of any information provided in Your answer thereto, including the identification of each person from whom You obtained any information provided in Your answer and a description of any Documents or Things relied upon by You in making Your answer. Unless otherwise specifically so stated in Your answer, Your answer will be deemed a statement by You of Your own knowledge.

4.      If You consider any term in these Interrogatories to be unclear, then You should apply a reasonable meaning, state what that meaning is, and answer the Interrogatory on the basis of that assumed meaning.

5.      If any Interrogatory cannot be answered in full, it should be answered to the extent possible with an explanation as to why the remainder cannot be answered, and a statement as to the nature of the information or knowledge that cannot be furnished.

6.      When an objection is made to any Interrogatory or any subpart thereof, state with specificity the part or subpart of the Interrogatory considered to be objectionable, and all grounds for the objection.

7.      If You claim that the attorney-client privilege, work product protection, or any other privilege or immunity is applicable to any answer otherwise called for by these Interrogatories, or Documents or Things underlying such answers called for by these Interrogatories, You shall with respect to each such claim:

     a.   State the date of the Communication, Document, or Thing;

     b.   Identify each and every originator of the Communication, Document, or Thing;

     c.   Identify each and every person who prepared and/or participated in the Communication, Document, or Thing;

     d.   Identify each and every recipient of the Communication, Document, or Thing; and

     e.   Identify, if a Document or Thing, its present location and the location of all copies thereof.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe specifically each and every Trade Secret that You contend Vector Flow or any of

the Individual Defendants misappropriated.

|  |  |
|---|---|
| | */s/ Kelly E. Farnan* |
| OF COUNSEL: | Kelly E. Farnan (#4395) |
| | Nicole K. Pedi (#6236) |
| Adam S. Gershenson | Richards, Layton & Finger, P.A. |
| Julianne Landsvik | One Rodney Square |
| COOLEY LLP | 920 North King Street |
| 500 Boylston Street, 14th Floor | Wilmington, DE 19801 |
| Boston, MA 02116-3736 | (302) 651-7700 |
| (617) 937-2300 | farnan@rlf.com |
| agershenson@cooley.com | pedi@rlf.com |
| jlandsvik@cooley.com | |
| | *Attorneys for Defendants Vector Flow, Inc.,* |
| Heidi Keefe | *Ajay Jain, Vikrant Ghai, and Shailendra* |
| Lowell Mead | *Sharma.* |
| Mark Weinstein | |
| COOLEY LLP | |
| 3175 Hanover Street | |
| Palo Alto, CA  94304-1130 | |
| (650) 843-5000 | |
| hkeefe@cooley.com | |
| lmead@cooley.com | |
| mweinstein@cooley.com | |
| | |
| Angeline X. Chen | |
| COOLEY LLP | |
| 55 Hudson Yards | |
| New York, NY  10001-2157 | |
| (212) 479-6000 | |
| axchen@cooley.com | |
| | |
| Dated:  May 5, 2022 | |

## <u>CERTIFICATE OF SERVICE</u>

I, Kelly E. Farnan, hereby certify that on May 5, 2022, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Jack B. Blumenfeld<br>Jennifer Ying<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market St.<br>P.O. Box 1347<br>Wilmington, DE 19899<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Marc J. Pensabene<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>*Attorney for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David R. Eberhart<br>Sorin G. Zaharia<br>Betelhem Gedlu<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Eric Amdursky<br>Patrick Nack-Lehman<br>O'MELVENY & MYERS LLP<br>2765 Sand Hill Road<br>Menlo Park, CA 94025<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Kelly E. Farnan*
Kelly E. Farnan (#4395)

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HID GLOBAL CORPORATION, | ) | |
| | ) | C.A. No. 21-1769-VAC-JLH |
| Plaintiff, | ) | (Consolidated) |
| | ) | |
| v. | ) | |
| | ) | |
| VECTOR FLOW, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| HID GLOBAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-203-VAC-JLH |
| | ) | |
| v. | ) | |
| | ) | |
| AJAY JAIN, VIKRANT GHAI, AND | ) | |
| SHAILENDRA SHARMA, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT VECTOR FLOW, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF HID GLOBAL CORPORATION'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Vector Flow, Incorporated ("Vector Flow") hereby responds to Plaintiff HID Global Corporation's ("HID" or "Plaintiff") First Set of Interrogatories (the "Interrogatories").

**I.    GENERAL RESPONSES.**

**1.**    Vector Flow's response to the Interrogatories is made to the best of Vector Flow's present knowledge, information, and belief. Said response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Vector Flow's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Vector Flow's further discovery or investigation. Vector Flow reserves the right to make any use of, or to introduce at any hearing

and at trial, information and/or documents responsive to the Interrogatories but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.

2.　　To the extent that Vector Flow responds to the Interrogatories by stating that Vector Flow will provide information and/or documents which Vector Flow or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Federal Rule of Evidence 501, Vector Flow will do so only upon the entry of an appropriate protective order against the unauthorized use or disclosure of such information.

3.　　Vector Flow reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Vector Flow's responses herein and any document or thing identified or provided in response to Plaintiff's Interrogatories.

4.　　Vector Flow reserves the right to object on any ground at any time to such other or supplemental interrogatories as Plaintiff may at any time propound involving or relating to the subject matter of these Interrogatories.

## II.　OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS.

Vector Flow makes the following Objections to Definitions and Instructions, whether or not separately set forth in response to each Interrogatory:

1.　　Vector Flow objects to all Definitions, Instructions, and Interrogatories inclusive, to the extent they seek information regarding Plaintiff's Confidential Information or Trade Secrets, and/or to the extent they seek Vector Flow's Confidential Information.  Plaintiff has not yet identified its Confidential Information or Trade Secrets with reasonable particularity; as such, Plaintiff's attempts to obtain Vector Flow's Confidential Information are premature, at least for

the reasons set forth in counsel for Vector Flow's April 27, 2022 letter to counsel for Plaintiff, which are fully incorporated by reference here.

2.      Vector Flow objects to all Definitions, Instructions, and Interrogatories inclusive, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific demand on the ground that such enlargement, expansion, or alteration renders said demand vague, ambiguous, unintelligible, unduly broad, and uncertain.

3.      Vector Flow objects to all Definitions, Instructions, and Interrogatories inclusive, to the extent they seek documents not currently in Vector Flow's possession, custody or control, or refer to persons, entities or events not known to Vector Flow, on the grounds that such instructions, definitions, or demands seek to require more of Vector Flow than any obligation imposed by law, would subject Vector Flow to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Vector Flow an obligation to investigate or discover information or materials from third parties or services who are equally accessible to Plaintiff.

4.      Vector Flow objects to the definition of "Accused Products" as vague, overly broad, and unduly burdensome because it refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or services" identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into Vector Flow's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses and not likely to lead to the discovery of admissible evidence.

5.      Vector Flow objects to the definition of "Defendant," "You," "Your," or "Vector

Flow" to the extent that the Interrogatories call for information maintained by parties outside of our possession, custody, or control, including but not limited to, "former officers, directors, employees, shareholders, partners, agents, consultants, representatives, parents, subsidiaries, affiliates, assigns, and predecessors or successors in interest."

6.     Vector Flow objects to the definition of "Confidential Information" as vague and ambiguous.  In particular, although this definition purports to include information that "constitutes, contains, reveals, or reflects trade secrets," Plaintiff has not identified with reasonable particularity what information it considers to be its "trade secrets," in turn rendering Vector Flow unable to identify what if any information in its possession, custody, or control may be responsive to requests incorporating this term.  Vector Flow further objects to this definition as overbroad, unduly burdensome, and not reasonably proportional to the needs of the case because this definition purports to include information that bears no relation to the claims or defenses at issue.  For example, is not clear what relevance "budgeting and/or accounting information; information about existing and potential customers; marketing and other business strategies, decisions, or negotiations; personnel compensation, evaluations, and other employment information" have to Plaintiff's claims.

7.     Vector Flow objects to the definition of "HID Confidential Information" for the same reasons as set forth in Vector Flow's objection to the definition of "Confidential Information."  Vector Flow further objects to the definition of "HID Confidential Information" as vague and ambiguous to the extent it purports to encompass information "that has or could have commercial value or other utility in the business in which HID or its clients engage or in which they are contemplating engaging," because it requires Vector Flow to make a subjective determination about whether certain information could have commercial value or utility to HID.

Vector Flow further objects that Plaintiff's definition is vague and overbroad because it encompasses numerous categories of information that are not in fact confidential. Vector Flow further objects to this definition as charging Vector Flow with knowledge or information outside of its possession, custody, or control.

8.      Vector Flow objects to the definition of "Document" or "Documents" as overly broad and because it purports to require the search and production of inaccessible, non-searchable and public sources. Vector Flow will interpret the term "Document" consistent with its meaning pursuant to Federal Rule of Civil Procedure 34.

9.      Vector Flow objects to the definition of "electronic data" because the definition appears to require discovery of irrelevant information (*e.g.*, "labels appended to any storage device containing electronic media," "operating systems," "batch files," and "Computer programs") and inaccessible sources (*e.g.*, "file fragments," "deleted files," and "Computer chips"). Vector Flow will search for accessible ESI as required by the parties' negotiated ESI protocol and applicable law.

10.     Vector Flow objects to Instruction No. 1 to the extent it seeks the production of privileged attorney work product and attorney-client communications, or information not reasonably within the possession, custody, or control of Vector Flow.

11.     Vector Flow objects to Instruction No. 2 because it seeks unilaterally to impose an obligation to provide supplemental information greater than that required by Federal Rule of Civil Procedure 26(e) and would subject Vector Flow to unreasonable and undue annoyance, oppression, burden, and expense. Vector Flow will comply with the requirements of the Federal Rules of Civil Procedure and is willing to discuss mutually acceptable reciprocal obligations of Plaintiff for continuing discovery. The parties are separately negotiating an ESI protocol and

Protective Order, which will govern the scope and format of privilege logs.

12.    Vector Flow objects to Instruction No. 3 to the extent it requires Vector Flow to provide information not required under Federal Rule of Civil Procedure 26.  The parties are separately negotiating an ESI protocol and Protective Order, which will govern the scope and format of privilege logs.  Privilege logs will be governed by the ESI protocol and Protective Order and limited to the requirements of Federal Rule of Civil Procedure 26.

13.    Vector Flow objects to Instruction No. 5 because it imposes a date range that is overly broad, not reasonably limited in time, and not proportional to the needs of this case. Plaintiff's earliest allegation is dated February 2015.

## III.    SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES.

Without waiving or limiting in any manner any of the foregoing General Responses or Objections to Definitions and Instructions, but rather incorporating them into each of the following responses to the extent applicable, Vector Flow responds to the specific Interrogatories in the Interrogatories as follows:

### INTERROGATORY NO. 1:

Identify all potential, former and current customers for Vector Flow's Accused Products, including the date on which each customer or potential customer first communicated with Vector Flow regarding such products and, if a purchase or license was consummated, the date of purchase or license.

### RESPONSE TO INTERROGATORY NO. 1:

Vector Flow objects to this Interrogatory on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In

cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks discovery regarding "all potential, former and current customers" of the Accused Products and identification of associated dates of communications and transactions beyond any proportional relevance to the parties' claims and defenses in this case. Vector Flow objects to the definition of "Accused Products" as vague, overly broad, and unduly burdensome because it refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or services" identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses and not likely to lead to the discovery of admissible evidence for this additional reason.

Vector Flow also objects to this Interrogatory as overly broad and unduly burdensome because it seeks information concerning "all potential, former and current customers" of Vector

Flow products at any point in time.

Vector Flow also objects to this Interrogatory as irrelevant and not likely to lead to the discovery of admissible evidence because Vector Flow is not subject to any contractual restrictive covenant or other restriction on communications or transactions with customers, let alone any such restriction that forms a basis for Plaintiff's claims in this case that would make the responsive communications or transactions potentially relevant to such claims.

Vector Flow also objects to this Interrogatory as duplicative of Plaintiff's Interrogatories to the Individual Defendants.

Subject to, and without waiving, its General Objections and Specific Objections, Vector Flow is willing to meet and confer concerning this Interrogatory after HID has identified its trade secrets with reasonable particularity.

**INTERROGATORY NO. 2:**

Describe in detail all communications with any third parties relating to HID, HID's products, or HID Confidential Information, including an identification of the date, the Persons involved, the subject matter, and any documents relating thereto.

**RESPONSE TO INTERROGATORY NO. 2:**

Vector Flow objects to this Interrogatory on grounds that it seeks disclosure purportedly relating to Plaintiff's alleged confidential information and/or trade secrets, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.")

(citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks a description "in detail" of "all communications with any third parties" "relating to" any of "HID, HID's products, or HID Confidential Information," and further seeking "an identification of the date, the Persons involved, the subject matter, and any documents relating thereto" beyond any proportional relevance to the parties' claims and defenses in this case. Vector Flow also objects to "HID Confidential Information" to the extent it includes "trade secrets" as overly broad, vague, and ambiguous because HID has not identified its trade secrets with reasonable particularity and because it encompasses information that is not protectable as a trade secret or subject to the claims at issue. To the extent this Interrogatory seeks information relating to HID that is not related to the claims or defenses at issue, or to the extent "HID Confidential Information" refers to non-trade secret or non-proprietary material, it is overbroad and irrelevant.

Vector Flow also objects to this Interrogatory to the extent it seeks information not in Vector Flow's custody, possession, or control.

Vector Flow also objects to this Interrogatory as duplicative of Plaintiff's Interrogatories to the Individual Defendants.

Subject to, and without waiving, its General Objections and Specific Objections, Vector Flow is willing to meet and confer concerning this Interrogatory after HID has identified its trade secrets with reasonable particularity.

**INTERROGATORY NO. 3:**

Identify the Source Code, including its location in Vector Flow's production, all Persons, whether employed by Vector Flow or not, who contributed to the Source Code's development and the role of each Person in its development, and the corresponding date(s) of implementation and/or revision, for each version of Vector Flow's Accused Products sold or licensed to a Vector Flow customer.

**RESPONSE TO INTERROGATORY NO. 3:**

Vector Flow objects to this Interrogatory on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks the requested items and discovery and information regarding the Source Code as defined beyond any proportional relevance to the parties' claims and defenses in this case.  Vector Flow objects to the definition of "Accused Products" as vague, overly broad, and unduly burdensome because it refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or services" identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses and not likely to lead to the discovery of admissible evidence.

Vector Flow objects to "Vector Flow customer" as vague and undefined and irrelevant to the extent this Interrogatory seeks information concerning entities that are not HID customers.

Vector Flow also objects to this Interrogatory because it is not relevant to the parties' claims or defenses and not likely to lead to the discovery of admissible evidence because the terms "Source Code" and "Accused Products" are so broad that this Interrogatory would encompass Vector Flow's source code for every single one of its products and software features, including those for which HID does not have a competing product and does not accuse or target with any claim in this case.

Vector Flow also objects to this Interrogatory to the extent it seeks information not in Vector Flow's custody, possession, or control.

- 11 -

Vector Flow also objects to this Interrogatory as duplicative of Plaintiff's Interrogatories to the Individual Defendants.

Subject to, and without waiving, its General Objections and Specific Objections, Vector Flow is willing to meet and confer concerning this Interrogatory after HID has identified its trade secrets with reasonable particularity.

**INTERROGATORY NO. 4:**

Identify all Persons with any relation to Vector Flow, including officers, directors, employees, partners, agents, consultants, and representatives, who have had access to HID Confidential Information at any time, including an identification of the specific information and the steps, if any, they have taken to keep such information confidential.

**RESPONSE TO INTERROGATORY NO. 4:**

Vector Flow objects to this Interrogatory on grounds that it seeks disclosure purportedly relating to Plaintiff's alleged confidential information and/or trade secrets, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants to permit Vector Flow to respond to this Interrogatory. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.,*

*LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks the identity of all Persons with any relation to Vector Flow that have ever had access to HID Confidential Information, extending beyond the parties to this case to include all "officers, directors, employees, partners, agents, consultants, and representatives, who have had access to HID Confidential Information at any time" in any capacity, including capacities unrelated to Vector Flow and its personnel or the claims and defenses in this case, and "including an identification of the specific information and the steps, if any, they have taken to keep such information confidential," extending beyond any proportional relevance to the parties' claims and defenses in this case.  Vector Flow also objects to this Interrogatory because the phrase "any relation" is overly broad and vague and because the Interrogatory seeks information from "at any time."

Vector Flow also objects to "HID Confidential Information" to the extent it includes "trade secrets" as overly broad, vague, and ambiguous because HID has not identified its trade secrets with reasonable particularity and because it encompasses information that is not protectable as a trade secret or subject to the claims at issue.  To the extent "HID Confidential Information" refers to non-trade secret or non-proprietary material, it is overbroad and irrelevant.

Vector Flow also objects to this Interrogatory to the extent it seeks information not in Vector Flow's custody, possession, or control.

Vector Flow also objects to this Interrogatory as duplicative of Plaintiff's Interrogatories to the Individual Defendants.

Subject to, and without waiving, its General Objections and Specific Objections, Vector Flow is willing to meet and confer concerning this Interrogatory after HID has identified its trade secrets with reasonable particularity.

**INTERROGATORY NO. 5:**

Identify all current and former owners, employees, agents, consultants or independent contractors of Vector Flow or any Persons currently or formerly holding any ownership interest, equity interest, or other investment in Vector Flow, and their relation to Vector Flow. As part of this Interrogatory, identify all Vector Flow employees or contractors who were formerly employed by HID or Quantum Secure, Inc., and identify for each the date such Person was hired by Vector Flow and the role in which they were hired.

**RESPONSE TO INTERROGATORY NO. 5:**

Vector Flow objects to this Interrogatory because the multiple subparts constitute separate interrogatories, and Vector Flow reserves the right to count them as such.

Vector Flow also objects to this Interrogatory to the extent that it is duplicative of Plaintiff's interrogatories to the Individual Defendants.

Vector Flow objects to this Interrogatory because it is not relevant to the parties' claims or defenses and not likely to lead to the discovery of admissible evidence.

Vector Flow also objects to this Interrogatory because "relation" is vague and ambiguous.

Subject to, and without waiving, its General Objections and Specific Objections, Vector Flow responds to this Interrogatory as follows:

Ajay Jain is the current President and CEO of Vector Flow and owns approximately ███ of Vector Flow.  He co-founded Vector Flow, which launched in March 2021.  Mr. Jain was a previous HID and Quantum Secure, Inc. ("Quantum Secure") employee.

Vikrant Ghai is the current Vice President and Chief Technology Officer of Vector Flow and owns approximately ▌ of Vector Flow.  He co-founded Vector Flow, which launched in March 2021.  Mr. Ghai was a previous HID and Quantum Secure employee.

Shailendra Sharma is the current Vice President of Engineering and Research and Development at Vector Flow and owns approximately ▌ of Vector Flow.  He was hired in April 2020.  Mr. Sharma was a previous HID and Quantum Secure employee.

Kyle Elliott is the current Vice President of Sales at Vector Flow.  He was hired in January 2021.  Mr. Elliott was a previous HID employee.

Tina Huston is the current Vice President of Customer Experience at Vector Flow. She was hired as a part-time employee in June 2020.  Ms. Huston was a previous HID employee.

**INTERROGATORY NO. 6:**

Identify all Persons with which Vector Flow has entered into an agreement or attempted to enter into an agreement to develop, design, manufacture, license, or distribute the Accused Products.

**RESPONSE TO INTERROGATORY NO. 6:**

Vector Flow objects to this Interrogatory on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja*

*Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Products" as vague, overly broad, and unduly burdensome because it refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or services" identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.   To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses and not likely to lead to the discovery of admissible evidence.

Subject to, and without waiving, its General Objections and Specific Objections, Vector Flow is willing to meet and confer concerning this Interrogatory after HID has identified its trade secrets with reasonable particularity.

**INTERROGATORY NO. 7:**

Describe in detail all legal and factual bases for Your assertion that the Accused Products do not infringe any claim of the Asserted Patents literally or under the doctrine of equivalents, including the bases for Your assertion, if any, that any particular limitation(s) of any claim of the Asserted Patents is/are not found in the Accused Products, and an explanation of why the limitation is not met.

**RESPONSE TO INTERROGATORY NO. 7:**

Vector Flow objects to the definition of "Accused Products" as vague, overly broad, and

unduly burdensome because it refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or services" identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.   To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses and not likely to lead to the discovery of admissible evidence.

Vector Flow also objects to this Interrogatory on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to this Interrogatory as premature because Plaintiff has not yet provided Vector Flow with its infringement contentions or identified which claim elements it believes are met under the doctrine of equivalents.  Vector Flow does not directly infringe any claim of the Asserted Patents because Vector Flow does not make, use, sell, offer to sell, import,

license, provide, maintain, or support a system that practices or embodies each and every limitation of any claim of the Asserted Patents. Vector Flow does not indirectly infringe any claim of the Asserted Patents because Vector Flow does not induce or instruct others to use the Vector Flow Platform in a manner that infringes any claim of the Asserted Patents. Nor is Vector Flow liable for contributory infringement, because the Vector Flow platform is not used to practice any claim of the Asserted Patents, is not made or especially adapted for use in infringing any claim of the Asserted Patents, and because the Vector Flow platform is capable of substantial non-infringing uses.

Subject to, and without waiving, its General Objections and Specific Objections, Vector Flow is willing to meet and confer concerning this Interrogatory after HID has provided its initial infringement contentions.

**INTERROGATORY NO. 8:**

Identify all opinions relating to the validity, infringement, or enforceability of any claim of the Asserted Patents prepared by or on behalf of You. If You maintain that an opinion is privileged, then provide all non-privileged information about the opinion, including the authors, recipients, date, and general nature (written or oral) of the opinion. If You do not maintain that an opinion is privileged, then identify the location or Bates number(s) of all written opinions, and the content, authors, recipients, date, and location of any oral opinions.

**RESPONSE TO INTERROGATORY NO. 8:**

Vector Flow objects to this Interrogatory to the extent that it seeks information and communications covered by attorney-client privilege, attorney work product doctrine, and/or other applicable privilege or protection. Vector Flow objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information,

including to the extent that it seeks information regarding legal opinions, including information regarding oral and written legal opinions, that have no proportional relevance to the parties' claims and defenses in this case in addition to being protected by attorney-client privilege and/or attorney work product protections.

Subject to, and without waiving, its General Objections and Specific Objections, Vector Flow responds to this Interrogatory as follows:

Vector Flow has engaged litigation counsel who is representing it in this matter.  At this time, Vector Flow does not waive attorney-client privilege or attorney work-product protections over any responsive opinions of counsel, and does not presently have any responsive opinions to disclose that are not protected from disclosure under applicable attorney-client privilege and/or attorney work-product protections.

**INTERROGATORY NO. 9:**

If You contend that acceptable, non-infringing alternatives to the inventions claimed in the Asserted Claims of the Asserted Patents have existed or exist, describe in detail each alternative and efforts made by You, if any, to implement such alternatives or otherwise design around the Asserted Patents, including an identification of when such alternative became available, the basis for Your contention that it is non-infringing, and all Documents related to this contention.

**RESPONSE TO INTERROGATORY NO. 9:**

Vector Flow objects to this Interrogatory as premature because Plaintiff has not yet provided Vector Flow with detailed infringement contentions or damages contentions and because the Court has not yet entered a claim construction order.  Vector Flow objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks information regarding "acceptable, non-infringing

alternatives" when no infringement has been shown and no other relevance of "acceptable, non-infringing alternatives" has been shown to the parties' claims and defenses at this time.

Subject to, and without waiving, its General Objections and Specific Objections, Vector Flow responds to this Interrogatory as follows:

Plaintiff bears the burden of proving infringement and damages.  Plaintiff has not shown that Vector Flow has infringed any claim of the Asserted Patents and has not shown any basis to recover damages.  Vector Flow is willing to meet and confer with Plaintiff regarding this interrogatory after receiving specific infringement and damages contentions from Plaintiff and to supplement this answer in due course to the extent that responsive information becomes relevant.

**INTERROGATORY NO. 10:**

Identify all legal and factual bases for Your contention that Your infringement of the Asserted Patents was not willful, including an identification of any opinions of counsel, if any, related to such infringement or the Asserted Patents.

**RESPONSE TO INTERROGATORY NO. 10:**

Vector Flow objects to this Interrogatory to the extent that it seeks information and communications covered by attorney-client privilege, attorney work product protection, and/or other applicable privilege or protection.

Vector Flow objects to this Interrogatory as premature because Plaintiff has not yet provided Vector Flow with initial infringement contentions and has not otherwise provided any basis for a finding of alleged willful infringement.  HID bears the burden of proof on infringement and willfulness, and has not yet demonstrated that the Accused Product infringes any claim of the Asserted Patents, let alone that Vector Flow's infringement was willful.  Vector Flow incorporates by reference its objections and responses to Interrogatories Nos. 7 and 8.

Subject to, and without waiving, its General Objections and Specific Objections, Vector Flow responds to this Interrogatory as follows:

Plaintiff bears the burden of proving infringement and willful infringement. Plaintiff has not shown that Vector Flow has infringed any claim of the Asserted Patents and has not provided any basis for a finding of willful infringement. Because there is no infringement, there is no willful infringement.

Vector Flow is willing to meet and confer with Plaintiff regarding this interrogatory and supplement this response as appropriate in due course after receiving any infringement contentions from Plaintiff that include any specific contentions as to why any alleged infringement has allegedly been willful.

*As to Objections:*

OF COUNSEL:

Adam S. Gershenson
Julianne Landsvik
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
(617) 937-2300
agershenson@cooley.com
jlandsvik@cooley.com

Heidi Keefe
Lowell Mead
Mark Weinstein
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000
hkeefe@cooley.com
lmead@cooley.com
mweinstein@cooley.com

Angeline X. Chen
COOLEY LLP
55 Hudson Yards
New York, NY  10001-2157
(212) 479-6000
axchen@cooley.com

Dated:  May 23, 2022

/s/ Nicole K. Pedi
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
pedi@rlf.com

*Attorneys for Defendants Vector Flow, Inc.,
Ajay Jain, Vikrant Ghai, and Shailendra
Sharma.*

- 22 -

## CERTIFICATE OF SERVICE

I, Nicole K. Pedi, hereby certify that on May 23, 2022, copies of the foregoing were caused

to be served upon the following in the manner indicated:


Jack B. Blumenfeld                                      *VIA ELECTRONIC MAIL*
Jennifer Ying
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market St.
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Plaintiff*

Marc J. Pensabene                                      *VIA ELECTRONIC MAIL*
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
*Attorney for Plaintiff*

David R. Eberhart                                      *VIA ELECTRONIC MAIL*
Sorin G. Zaharia
Betelhem Gedlu
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
*Attorneys for Plaintiff*

Eric Amdursky                                          *VIA ELECTRONIC MAIL*
Patrick Nack-Lehman
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
*Attorneys for Plaintiff*


/s/ *Nicole K. Pedi*
Nicole K. Pedi (#6236)

EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HID GLOBAL CORPORATION, | ) | |
| | ) | C.A. No. 21-1769-VAC-JLH |
| Plaintiff, | ) | (Consolidated) |
| | ) | |
| v. | ) | |
| | ) | |
| VECTOR FLOW, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| HID GLOBAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-203-VAC-JLH |
| | ) | |
| v. | ) | |
| | ) | |
| AJAY JAIN, VIKRANT GHAI, AND | ) | |
| SHAILENDRA SHARMA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS AJAY JAIN'S, VIKRANT GHAI'S, AND SHAILENDRA SHARMA'S
OBJECTIONS AND RESPONSES TO PLAINTIFF HID GLOBAL CORPORATION'S
FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Ajay Jain ("Jain"),

Vikrant Ghai ("Ghai"), and Shailendra Sharma ("Sharma") (together, the "Individual Defendants")

hereby respond to Plaintiff HID Global Corporation's ("HID" or "Plaintiff") First Set of

Interrogatories (the "Interrogatories").

**I.    GENERAL RESPONSES.**

**1.**    The Individual Defendants' response to the Interrogatories is made to the best of

the Individual Defendants' present knowledge, information, and belief.  Said response is at all

times subject to such additional or different information that discovery or further investigation may

disclose and, while based on the present state of the Individual Defendants' recollection, is subject

to such refreshing of recollection, and such additional knowledge of facts, as may result from the Individual Defendants' further discovery or investigation.  The Individual Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to the Interrogatories but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.

2.    To the extent that the Individual Defendants respond to the Interrogatories by stating that the Individual Defendants will provide information and/or documents which the Individual Defendants or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Federal Rule of Evidence 501, the Individual Defendants will do so only upon the entry of an appropriate protective order against the unauthorized use or disclosure of such information.

3.    The Individual Defendants reserve all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of the Individual Defendants' responses herein and any document or thing identified or provided in response to Plaintiff's Interrogatories.

4.    The Individual Defendants reserve the right to object on any ground at any time to such other or supplemental interrogatories as Plaintiff may at any time propound involving or relating to the subject matter of these Interrogatories.

## II.    GENERAL OBJECTIONS

The Individual Defendants make the following General Objections, whether or not separately set forth in response to each Interrogatory:

1.    The Individual Defendants object to the breach of contract claims against them and

discovery into those claims.  As California residents, they are protected by California law, which prohibits employers from enforcing employment agreements against California residents that would deprive the employee of certain protections under California law.  Cal. Lab. Code § 925(a)–(b).  Specifically, California law protects employees from non-competition and non-solicitation provisions by voiding such provisions in employment agreements.  *See* Cal. Bus. & Prof. Code § 16600-01.  As such, the Individual Defendants object to the requirement that they respond to Interrogatories regarding Plaintiff's breach of contract allegations.

## III.    OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS.

The Individual Defendants make the following Objections to Definitions and Instructions, whether or not separately set forth in response to each Interrogatory:

1.    Individual Defendants object to all Definitions, Instructions, and Interrogatories inclusive, to the extent they seek information regarding Plaintiff's Confidential Information or Trade Secrets, and/or to the extent they seek Individual Defendants' Confidential Information. Plaintiff has not yet identified its Confidential Information or Trade Secrets with reasonable particularity; as such, Plaintiff's attempts to obtain Individual Defendants' Confidential Information are premature, at least for the reasons set forth in counsel for Individual Defendants' April 27, 2022 letter to counsel for Plaintiff, which are fully incorporated by reference here.

2.    Individual Defendants object to all Definitions, Instructions, and Interrogatories inclusive, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific demand on the ground that such enlargement, expansion, or alteration renders said demand vague, ambiguous, unintelligible, unduly broad, and uncertain.

3.    Individual Defendants object to all Definitions, Instructions, and Interrogatories inclusive, to the extent they seek documents not currently in Individual Defendants' possession, custody or control, or refer to persons, entities or events not known to Individual Defendants, on

the grounds that such instructions, definitions, or demands seek to require more of Individual Defendants than any obligation imposed by law, would subject Individual Defendants to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Individual Defendants an obligation to investigate or discover information or materials from third parties or services who are equally accessible to Plaintiff.

4.      The Individual Defendants object to the definition of "Accused Products" as vague, overly broad, and unduly burdensome because it refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or services" identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

5.      The Individual Defendants object to the definition of "Confidential Information" as vague and ambiguous.  In particular, although this definition purports to include information that "constitutes, contains, reveals, or reflects trade secrets," Plaintiff has not identified with reasonable particularity what information it considers to be its "trade secrets," in turn rendering the Individual Defendants unable to identify what if any information in its possession, custody, or control may be responsive to requests incorporating this term.  The Individual Defendants further object to this definition as overbroad, unduly burdensome, and not reasonably proportional to the needs of the case because this definition purports to include information that bears no relation to the claims or defenses at issue.  For example, is not clear what relevance "budgeting and/or accounting information; information about existing and potential customers; marketing and other business

strategies, decisions, or negotiations; personnel compensation, evaluations, and other employment information" have to Plaintiff's claims.

6.      The Individual Defendants object to the definition of "HID Confidential Information" for the same reasons as set forth in the Individual Defendants' objection to the definition of "Confidential Information."   The Individual Defendants further object to the definition of "HID Confidential Information" as vague and ambiguous to the extent it purports to encompass information "that has or could have commercial value or other utility in the business in which HID or its clients engage or in which they are contemplating engaging," because it requires the Individual Defendants to make a subjective determination about whether certain information could have commercial value or utility to HID.  The Individual Defendants further object that Plaintiff's definition is vague and overbroad because it encompasses numerous categories of information that are not in fact confidential.  The Individual Defendants further object to this definition as charging the Individual Defendants with knowledge or information outside of its possession, custody, or control.

7.      The Individual Defendants object to the definition of "Document" or "Documents" as overly broad and because it purports to require the search and production of inaccessible, non-searchable and public sources.  The Individual Defendants will interpret the term "Document" consistent with its meaning pursuant to Federal Rule of Civil Procedure 34.

8.      The Individual Defendants object to the definition of "electronic data" because the definition appears to require discovery of irrelevant information (*e.g.*, "labels appended to any storage device containing electronic media," "operating systems," "batch files," and "Computer programs") and inaccessible sources (*e.g.*, "file fragments," "deleted files," and "Computer chips").  The Individual Defendants will search for accessible ESI as required by the parties'

negotiated ESI protocol and applicable law.

9.      The Individual Defendants object to Instruction No. 1 to the extent it seeks the production of privileged attorney work product and attorney-client communications, or information not reasonably within the possession, custody, or control of the Individual Defendants.

10.      The Individual Defendants object to Instruction No. 2 because it seeks unilaterally to impose an obligation to provide supplemental information greater than that required by Federal Rule of Civil Procedure 26(e) and would subject the Individual Defendants to unreasonable and undue annoyance, oppression, burden, and expense.  The Individual Defendants will comply with the requirements of the Federal Rules of Civil Procedure and are willing to discuss mutually acceptable reciprocal obligations of Plaintiff for continuing discovery.  The parties are separately negotiating an ESI protocol and Protective Order, which will govern the scope and format of privilege logs.

11.      The Individual Defendants object to Instruction No. 3 to the extent it requires the Individual Defendants to provide information not required under Federal Rule of Civil Procedure 26.  The parties are separately negotiating an ESI protocol and Protective Order, which will govern the scope and format of privilege logs.  Privilege logs will be governed by the ESI protocol and Protective Order and limited to the requirements of Federal Rule of Civil Procedure 26.

12.      The Individual Defendants object to Instruction No. 5 because it imposes a date range that is overly broad, unduly burdensome, not reasonably limited in time, and not proportional to the needs of this case, and thus neither relevant to the pending litigation not proportional to the needs of the case.  Plaintiff's earliest allegation is dated February 2015.

## IV.   SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES.

Without waiving or limiting in any manner any of the foregoing General Responses or Objections to Definitions and Instructions, but rather incorporating them into each of the following

responses to the extent applicable, the Individual Defendants respond to the specific Interrogatories in the Interrogatories as follows:

**INTERROGATORY NO. 1:**

Identify the specific portions of Source Code and other work You contributed related to the development, design, creation, modification, or testing of the Accused Products, including the dates of Your contribution(s) or performance of work and Your role related to Vector Flow.

**RESPONSE TO INTERROGATORY NO. 1:**

The Individual Defendants object to this Interrogatory on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

The Individual Defendants object to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks the requested items and discovery and information regarding contributions to the

Source Code as defined beyond any proportional relevance to the parties' claims and defenses in this case.

The Individual Defendants also object to this Interrogatory as duplicative of Plaintiff's Interrogatories to Vector Flow.

The Individual Defendants object to the definition of "Accused Products" as vague, overly broad, and unduly burdensome because it refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or services" identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

The Individual Defendants also object to this Interrogatory because phrases such as "other work" and "contribution(s)" are vague and undefined.

Subject to, and without waiving, their General Objections and Specific Objections, the Individual Defendants are willing to meet and confer concerning this Interrogatory after HID has identified its trade secrets with reasonable particularity.

**INTERROGATORY NO. 2:**

Describe in detail the circumstance of the founding of Vector Flow, including an identification of the earliest date and first Communication relating to such founding.

**RESPONSE TO INTERROGATORY NO. 2:**

The Individual Defendants object to this Interrogatory because the "founding" of Vector Flow is vague and undefined.

The Individual Defendants object to this Interrogatory on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Subject to, and without waiving, their General Objections and Specific Objections, the Individual Defendants respond as follows:

Vector Flow was incorporated by Ajay Jain and Vikrant Ghai on March 21, 2019, more than a year after Messrs. Jain and Ghai were terminated by HID.  Mr. Sharma joined Vector Flow in April 2020, following his resignation from HID in February 2020.  Vector Flow did not begin operations until March 31, 2021.  The Individual Defendants do not specifically recall the first Communication related to the founding of Vector Flow.

**INTERROGATORY NO. 3:**

Describe in detail the circumstance of the development of the Accused Products, including an identification of the earliest date and first Communication relating to such development, the

first date on which development of the Source Code for the Accused Products began, all Persons

who contributed to the development of the Accused Products, and the date(s) of their contributions.

**RESPONSE TO INTERROGATORY NO. 3:**

The Individual Defendants object to this Interrogatory because "development" and

"contributions" are overly broad, vague, and undefined.

The Individual Defendants object to this Interrogatory as overbroad, unduly burdensome,

not proportional to the needs of the case, and seeking irrelevant information, including to the extent

that it seeks the requested items of information regarding development of the Accused Products as

defined beyond any proportional relevance to the parties' claims and defenses in this case.

The Individual Defendants object to this Interrogatory to the extent that it is duplicative of

Interrogatory No. 1 and of Plaintiff's Interrogatories to Vector Flow.

The Individual Defendants object to this Interrogatory on grounds that it seeks disclosure

of Vector Flow and Individual Defendants' confidential information, and Plaintiff has not yet

identified with reasonable particularity any trade secrets that were allegedly misappropriated by

Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447

(Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining*

*discovery of confidential proprietary information of its adversary*, the trade secrets it claims were

misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation

omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja*

*Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade

secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v.*

*Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve

its initial identification of trade secrets within a week after entry of scheduling order).

The Individual Defendants object to the definition of "Accused Products" as vague, overly broad, and unduly burdensome because it refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or services identified" in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

The Individual Defendants also object to this Interrogatory to the extent it seeks information not in their custody, possession, or control.

Subject to, and without waiving, their General Objections and Specific Objections, the Individual Defendants are willing to meet and confer concerning this Interrogatory after HID has identified its trade secrets with reasonable particularity.

**INTERROGATORY NO. 4:**

Describe in detail Your ownership interest, equity interest, or other investment in Vector Flow.

**RESPONSE TO INTERROGATORY NO. 4:**

The Individual Defendants object to this Interrogatory to the extent that it is duplicative of Plaintiff's Interrogatories to Vector Flow.

The Individual Defendants object to this Interrogatory because it is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Subject to, and without waiving their General Objections and Specific Objections, the Individual Defendants respond to this Interrogatory as follows:

███████████████████████████████████████████████

██████████████████████████████████

**INTERROGATORY NO. 5:**

Describe your access to HID Source Code during your employment with HID, including the manner in which you accessed Source Code and the frequency of such access.

**RESPONSE TO INTERROGATORY NO. 5:**

The Individual Defendants object to this Interrogatory because "HID Source Code" is not defined, vague, and overly broad.

The Individual Defendants object to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks the requested items of information regarding access to HID Source Code as defined beyond any proportional relevance to the parties' claims and defenses in this case.

The Individual Defendants object to this Interrogatory as unduly burdensome because it seeks information that is already in HID's possession and is equally or more accessible to HID, because it seeks information about the Individual Defendants' access to "HID Source Code" while the Individual Defendants were still employed by HID.

The Individual Defendants object to this Interrogatory on grounds that it seeks disclosure purportedly relating to Plaintiff's alleged confidential information and/or trade secrets, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants to permit the Individual Defendants to respond to this Interrogatory. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were

misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Subject to, and without waiving, their General Objections and Specific Objections, the Individual Defendants respond to this Interrogatory as follows:

While employed by HID, Ajay Jain was Executive Vice President in the Quantum Secure Business Unit. In that capacity he did not have any access to HID source code. Mr. Ghai was Chief Technology Officer, Quantum Secure Business Unit, and did not have access to HID source code. While employed by HID, Mr. Sharma was Vice President of Engineering. He had basic, infrequent access to HID source code and did not write code or have administrative access to source code. The Individual Defendants understood that access to source code was managed and monitored by independent designated administrators.

**INTERROGATORY NO. 6:**

Describe in detail all documents containing HID Confidential Information that You have or had in Your possession since the termination of your employment with HID, and the steps that you have taken to maintain the confidentiality of such documents.

**RESPONSE TO INTERROGATORY NO. 6:**

The Individual Defendants object to this Interrogatory on grounds that it seeks disclosure purportedly relating to Plaintiff's alleged confidential information and/or trade secrets, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly

misappropriated by Defendants to permit the Individual Defendants to respond to this Interrogatory. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

The Individual Defendants object to the definition of "HID Confidential Information" to the extent it includes "trade secrets" as overly broad, vague, and ambiguous because HID has not identified its trade secrets with reasonable particularity and because it encompasses information that is not protectable as a trade secret or subject to the claims at issue. To the extent "HID Confidential Information" refers to non-trade secret or non-proprietary material, it is overbroad and irrelevant.

Subject to, and without waiving their General Objections and Specific Objections, the Individual Defendants are willing to meet and confer concerning this Interrogatory after HID has identified its confidential information with reasonable particularity.

**INTERROGATORY NO. 7:**

Identify all of the computers and other electronic devices, including without limitation laptops, phones, and tablets, on which You, at any time, stored or utilized to accessed information and records of HID including but not limited to HID Confidential Information.

**RESPONSE TO INTERROGATORY NO. 7:**

The Individual Defendants object to this Interrogatory on grounds that it seeks disclosure purportedly relating to Plaintiff's alleged confidential information and/or trade secrets, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants to permit the Individual Defendants to respond to this Interrogatory. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

The Individual Defendants object to the definition of "HID Confidential Information" to the extent it includes "trade secrets" as overly broad, vague, and ambiguous because HID has not identified its trade secrets with reasonable particularity and because it encompasses information that is not protectable as a trade secret or subject to the claims at issue. To the extent "HID Confidential Information" refers to non-trade secret or non-proprietary material, it is overbroad and irrelevant.

The Individual Defendants also object to this Interrogatory because it does not seek information relevant to the parties' claims or defenses and contains no time limitation.

The Individual Defendants also object to this Interrogatory as seeking information equally within the custody or control of Plaintiff, because among other reasons, it calls for identifying devices that HID itself provided to the Individual Defendants.

The Individual Defendants also object to this Interrogatory to the extent it seeks information not in their custody, possession, or control.

Subject to, and without waiving their General Objections and Specific Objections, the Individual Defendants respond to this Interrogatory as follows:

While employed by HID, the Individual Defendants used HID-issued laptops to store and access HID-related files.  All such devices were returned to HID upon termination and departure from the company.

**INTERROGATORY NO. 8:**

Describe in detail all communications you have had with any HID employees or contractors after Your employment with HID ended, including an identification of the date(s) of the communications, the Persons with whom You communicated, the medium of such communications, the substance of such communications, the circumstances leading to the first communication, and all documents relating to the foregoing.

**RESPONSE TO INTERROGATORY NO. 8:**

The Individual Defendants object to this Interrogatory to the extent it seeks information concerning "all" communications with HID employees or contractors as overboard and irrelevant because it is commonplace and is not illegal or improper to communicate with a former coworker or contractor of a former employer.  As such, the Individual Defendants object to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks the requested items of information regarding

communications with individuals, in any capacity, beyond any proportional relevance to the parties' claims and defenses in this case.

The Individual Defendants also object to this Interrogatory to the extent it calls for information beyond the expiration of the restrictive covenants in their agreements with HID.

The Individual Defendants also object to this Interrogatory to the extent it seeks information not in their custody, possession, or control.

The Individual Defendants also object to this Interrogatory as overly broad and unduly burdensome and because it seeks information irrelevant to the parties' claims or defenses and with no time limitation as it is not limited to communications related to the allegations in the complaint. Consistent with general principles of civil discovery, the Individual Defendants will produce appropriate ESI in their possession, custody, and control, responsive to this Interrogatory.

**INTERROGATORY NO. 9:**

Describe in detail all communications, direct or indirect, you have had with any HID past, current, or prospective customers after Your employment with HID ended, including an identification of the date(s) of the communications, the Persons with whom You communicated, the medium of such communications, the substance of such communications, the circumstances leading to the first communication, and all documents relating to the foregoing.

**RESPONSE TO INTERROGATORY NO. 9:**

The Individual Defendants object to this Interrogatory to the extent it calls for information beyond the expiration of the restrictive covenants in their agreements with HID. As such, the Individual Defendants object to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks the requested items of information regarding communications with "any HID past,

current, or prospective customers," in any capacity, beyond any proportional relevance to the parties' claims and defenses in this case.

The Individual Defendants also object to this Interrogatory as overly broad and unduly burdensome, and as calling for irrelevant information, because it calls for communications with "prospective" HID customers, who are not covered by the restrictive covenants.

The Individual Defendants further object to this Interrogatory because it seeks information relating to HID customers, which is vague, ambiguous, and undefined, and lacks any time limitation or connection to the allegations in this case.

The Individual Defendants also object to this Interrogatory because, as California residents, the restrictive covenants are unenforceable against them.

The Individual Defendants object to this Interrogatory on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

The Individual Defendants also object to this Interrogatory as overly broad and unduly burdensome and because it seeks information irrelevant to the parties' claims or defenses and with no time limitation as it is not limited to communications related to the allegations in the complaint. Consistent with general principles of civil discovery, the Individual Defendants will produce appropriate ESI in their possession, custody, and control, responsive to this Interrogatory.

**INTERROGATORY NO. 10:**

Identify all personal and professional e-mail, electronic messaging, and texting accounts held or utilized by You.

**RESPONSE TO INTERROGATORY NO. 10:**

The Individual Defendants object to this Interrogatory as overly broad and unduly burdensome and because it seeks information not relevant to the parties' claims or defenses and with no time limitation. Consistent with general principles of civil discovery, the Individual Defendants will produce appropriate ESI in their possession, custody, and control, as detailed in their responses to HID's requests for production, along with appropriate metadata. If HID has particular issues following their production, the Individual Defendants are willing to meet and confer about those issues.

The Individual Defendants object to this Interrogatory to the extent that it seeks information equally within the custody or control of Plaintiff, because among other reasons, it calls for identifying accounts that HID itself provided to the Individual Defendants.

The Individual Defendants also object to this Interrogatory because it imposes a date range that is overly broad, not reasonably limited in time, and not proportional to the needs of this case. Plaintiff's earliest allegation is dated February 2015.

The Individual Defendants object to this Interrogatory as irrelevant as it does not seek information relevant to the parties' claims and defenses.  In particular, the Individual Defendants object to the relevance of any personal email, electronic messaging, and texting accounts, and reserve all rights to object to document discovery from personal accounts.

Subject to, and without waiving these General Objections and Specific Objections, the Individual Defendants state as follows:

Mr. Jain used the following non-HID email addresses from February 9, 2015 through March 25, 2020:  nanoajay1@hotmail.com; ajain@vectorflow.com.

Mr. Ghai used the following non-HID email addresses from February 9, 2015 through March 25, 2020:  vghai@yahoo.com; vghai@vectorflow.com.

Mr. Sharma used the following non-HID email addresses from February 9, 2015 through March 25, 2020:  ss_voyager@sbcglobal.net.

*As to Objections:*

OF COUNSEL:

Adam S. Gershenson
Julianne Landsvik
COOLEY LLP
500 Boylston Street, 14ᵗʰ Floor
Boston, MA 02116-3736
(617) 937-2300
agershenson@cooley.com
jlandsvik@cooley.com

Heidi Keefe
Lowell Mead
Mark Weinstein
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000
hkeefe@cooley.com
lmead@cooley.com
mweinstein@cooley.com

Angeline X. Chen
COOLEY LLP
55 Hudson Yards
New York, NY  10001-2157
(212) 479-6000
axchen@cooley.com

Dated:  May 23, 2022

*/s/ Nicole K. Pedi*
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
pedi@rlf.com

*Attorneys for Defendants Vector Flow, Inc.,
Ajay Jain, Vikrant Ghai, and Shailendra
Sharma.*

## CERTIFICATE OF SERVICE

I, Nicole K. Pedi, hereby certify that on May 23, 2022, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Jack B. Blumenfeld<br>Jennifer Ying<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market St.<br>P.O. Box 1347<br>Wilmington, DE 19899<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Marc J. Pensabene<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>*Attorney for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David R. Eberhart<br>Sorin G. Zaharia<br>Betelhem Gedlu<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Eric Amdursky<br>Patrick Nack-Lehman<br>O'MELVENY & MYERS LLP<br>2765 Sand Hill Road<br>Menlo Park, CA 94025<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Nicole K. Pedi*
Nicole K. Pedi (#6236)

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HID GLOBAL CORPORATION, | ) | |
| | ) | C.A. No. 21-1769-VAC-JLH |
| Plaintiff, | ) | (Consolidated) |
| | ) | |
| v. | ) | |
| | ) | |
| VECTOR FLOW, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ———————————— | ) | |
| HID GLOBAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-203-VAC-JLH |
| | ) | |
| v. | ) | |
| | ) | |
| AJAY JAIN, VIKRANT GHAI, AND | ) | |
| SHAILENDRA SHARMA, | ) | |
| | | |
| Defendants. | | |

**DEFENDANT VECTOR FLOW, INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFF HID GLOBAL CORPORATION'S FIRST SET OF
<u>REQUESTS FOR PRODUCTION OF DOCUMENTS TO VECTOR FLOW</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Vector Flow, Incorporated ("Vector Flow") hereby responds to Plaintiff HID Global Corporation's ("HID" or "Plaintiff") First Set of Requests for Production of Documents (the "Requests").

I.   **GENERAL RESPONSES.**

1.      Vector Flow's response to the Requests is made to the best of its present knowledge, information, and belief. This response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of its recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Vector Flow's further discovery or investigation.  Vector Flow reserves

the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to the Requests but discovered subsequent to the date of this response, including, but not limited to, any documents obtained in discovery herein.

2.    Vector Flow reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

3.    Vector Flow reserves the right to object on any ground at any time to such other or supplemental demands for production as Plaintiff may at any time propound involving or relating to the subject matter of these Requests.

4.    Vector Flow's responses to the Requests shall not be interpreted as implying that responsive documents exist or that Vector Flow acknowledges the appropriateness of the Request.

5.    The specific responses set forth below are based upon Vector Flow's interpretation of the language used in the Requests, and Vector Flow reserves its right to amend or supplement further responses in the event that Plaintiff asserts an interpretation that differs from Vector Flow's interpretation.

## II.    GENERAL OBJECTIONS.

Vector Flow makes the following general objections, whether or not separately set forth in response to each Request, to each and every instruction, definition, and document demand made in Plaintiff's First Set of Requests for Production of Documents:

1.    Vector Flow objects to all Definitions, Instructions, and Document Requests inclusive, to the extent they seek information regarding Vector Flow's Confidential Information or Trade Secrets, and/or to the extent they seek Vector Flow's Confidential Information.  Plaintiff has not yet identified its Confidential Information or Trade Secrets with reasonable particularity;

as such, Plaintiff's attempts to obtain Vector Flow's Confidential Information are premature, at least for the reasons set forth in counsel for Vector Flow's April 27, 2022 letter to counsel for Plaintiff, which are fully incorporated by reference here.

2.    Vector Flow objects to all Definitions, Instructions, and Document Requests inclusive, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific demand on the ground that such enlargement, expansion, or alteration renders said demand vague, ambiguous, unintelligible, unduly broad, and uncertain.

3.    Vector Flow objects to all Definitions, Instructions, and Document Requests inclusive, to the extent they seek documents not currently in Vector Flow's possession, custody or control, or refer to persons, entities or events not known to Vector Flow, on the grounds that such instructions, definitions, or demands seek to require more of Vector Flow than any obligation imposed by law, would subject Vector Flow to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Vector Flow an obligation to investigate or discover information or materials from third parties or services who are equally accessible to Plaintiff.

4.    Vector Flow objects to the Requests to the extent they seek information that is not limited to a reasonable time period, scope and subject matter, and thus are overbroad, unduly burdensome, and excessive, on the grounds that such information is neither relevant to the pending litigation nor proportional to the needs of the case.

5.    Vector Flow objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by law.  Vector Flow interprets each Request as not requesting such information, and Vector Flow will not produce any such information in response to any Request.

6.     Vector Flow objects to the definition of "Innominds," a non-party to this action who is not mentioned in the complaint, as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to encompass Innomind Software, Inc.'s "shareholders, partners, agents, consultants, representatives, parents, subsidiaries, affiliates, assigns, and predecessors or successors in interest."  Vector Flow further objects to the definition of "Innominds" to the extent it charges Vector Flow with knowledge or information outside its possession, custody, or control.

7.     Vector Flow objects to the definition of "enTrilogy," a non-party to this action who is not mentioned in the complaint, as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to encompass enTrilogy LLC's "shareholders, partners, agents, consultants, representatives, parents, subsidiaries, affiliates, assigns, and predecessors or successors in interest."  Vector Flow further objects to the definition of "enTrilogy" to the extent it charges Vector Flow with knowledge or information outside its possession, custody, or control.

8.     Vector Flow objects to the definition of "Confidential Information" as vague and ambiguous.  In particular, although this definition purports to include information that "constitutes, contains, reveals, or reflects trade secrets," Plaintiff has not identified with reasonable particularity what information it considers to be its "trade secrets," in turn rendering Vector Flow unable to identify what if any information in its possession, custody, or control may be responsive to requests incorporating this term.  Vector Flow further objects to this definition as overbroad, unduly burdensome, and not reasonably proportional to the needs of the case because this definition purports to include information that bears no relation to the claims or defenses at issue.  For example, is not clear what relevance "budgeting and/or accounting information; information about existing and potential customers; marketing and other business strategies, decisions, or

negotiations; personnel compensation, evaluations, and other employment information" have to Plaintiff's claims.

9.    Vector Flow objects to the definition of "HID Confidential Information" for the same reasons as set forth in Vector Flow's objection to the definition of "Confidential Information."  Vector Flow further objects to the definition of "HID Confidential Information" as vague and ambiguous to the extent it purports to encompass information "that has or could have commercial value or other utility in the business in which HID or its clients engage or in which they are contemplating engaging," because it requires Vector Flow to make a subjective determination about whether certain information could have commercial value or utility to HID. Vector Flow further objects that Plaintiff's definition is vague and overbroad because it encompasses numerous categories of information that are not in fact confidential.  Vector Flow further objects to this definition as charging Vector Flow with knowledge or information outside of its possession, custody, or control.

10.    Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

11.    Vector Flow objects to the definition of "Document" as substantially overbroad and

attempting to expand the obligations imposed on Vector Flow beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of the Court. Vector Flow will interpret the term "Document" consistent with its meaning pursuant to Federal Rule of Civil Procedure 34.

12.     Vector Flow objects to the definition of "electronic data" as it purports to require discovery of irrelevant information such as "miscellaneous electronic files and file fragments," and inaccessible sources such as deleted files and backups. Vector Flow will conduct a reasonable search for accessible ESI as required by the rules and applicable law.

13.     Vector Flow objects to Instruction No. 9 as seeking to impose requirements upon Vector Flow beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of this Court, and to the extent complying with Instruction No. 9 would require Vector Flow to produce information not within its possession, custody, or control.

14.     Vector Flow objects to Instruction No. 10 as seeking to impose requirements upon Vector Flow beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of this Court, and as seeking information that is no longer within Vector Flow's possession, custody, or control. Vector Flow further objects to this Instruction as harassing, unreasonable, not proportional to the needs of the case, and as imposing undue burden and expense. In particular, Vector Flow objects to this Instruction as seeking to impose an obligation to affirmatively create business records, rather than to produce records as they are kept in the ordinary course of business. To the extent Vector Flow searches for and produces documents in response to the Requests, Vector Flow will conduct a reasonable search for documents, and produce responsive, non-privileged documents, if any, in a manner consistent with its obligations under the operative rules.

15.     Vector Flow objects to Instruction No. 11 as seeking to impose requirements upon Vector Flow beyond what is required by the Federal Rules of Civil Procedure and the Local Rules

of this Court. To the extent Vector Flow withholds documents or information on the basis of privilege, Vector Flow will comply with its obligations under Fed. R. Civ. P. 26(b)(5) and any provisions relating to the withholding of privileged documents in the parties' negotiated ESI protocol and Protective Order.

16.     Vector Flow objects to Instruction No. 12 as vague and ambiguous, and as imposing obligations upon Vector Flow beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of this Court. In particular, Vector Flow object to this Instruction to the extent it purports to require Vector Flow to provide an English translation that exists, but is not within Vector Flow's possession, custody, or control, or else is equally accessible to Plaintiff. To the extent Vector Flow possesses a document in a language other than English, and an English translation of that document is within Vector Flow's possession, custody, or control, Vector Flow will endeavor to produce both the document and the English translation. Vector Flow is under no obligation to create or obtain for production an English translation of non-English documents if it does not otherwise possess one.

17.     Vector Flow objects to Instruction No. 14 as unreasonable, harassing, overly burdensome, and as imposing obligations upon Vector Flow beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of this Court. In particular, Vector Flow objects to this Instruction to the extent it purports to require Vector Flow to create business records rather than produce records as they are maintained in the ordinary course of business. Vector Flow further objects to this Instruction as nonsensical to the extent it is intended to apply to requests for the production of documents. To the extent Vector Flow produces documents in response to these Requests, Vector Flow will do consistent with its obligations under the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or court orders.

**18.**     Vector Flow objects to Instruction No. 16 because it imposes a date range that is overly broad, not reasonably limited in time, and thus neither relevant to the pending litigation nor proportional to the needs of the case.

## III.   SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT DEMANDS.

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Vector Flow responds to the specific demands of Plaintiff's First Set of Request for Production as follows:

**REQUEST NO. 1:**

All documents and tangible things relating to the research, design, development, configuration, assembly, testing, installation, operation, performance, maintenance or use of each Accused Product, including without limitation notebooks, engineering notebooks, design requirements, design reviews, specifications, schematics, drawings, diagrams, blueprints, sketches, Source Code, flow charts, bug reports, assembly documentation, computer aided design (CAD) files, engineering requests, installation manuals, maintenance manuals, operator manuals, reference manuals, programming manuals, technical manuals, user manuals, theory of operations manuals, brochures, memoranda, test data, reports, throughput analysis, work books, correspondence, and e-mails.

**SPECIFIC OBJECTIONS TO REQUEST NO. 1:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify

the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. Additionally, to the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's

objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 2:**

All technical manuals, white papers, architecture descriptions, installation guides, user manuals, troubleshooting guides, and specifications for or relating to any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 2:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph

7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 3:**

All Source Code and Executable Code for any Accused Product, including every version or revision for each Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 3:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify

the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 4:**

All computer files and other documents relating to any Source Code or Executable Code

relating to any Accused Product, including without limitation make files, build files, header files, readme files, configuration files, comment files, user manuals, functional specifications, and design documents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 4:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's

"products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify all of Vector Flow's products, features, names and code names on a quarterly basis, including product description guides or brochures.

**SPECIFIC OBJECTIONS TO REQUEST NO. 5:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.,*

*LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it encompasses documents pertaining to Vector Flow products that are not accused in this case.

Vector Flow further objects that this Request is rendered vague and ambiguous due to its use of the undefined phrase "names and code names on a quarterly basis."

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 6:**

Documents and things sufficient to identify all internal and external identifiers for each Accused Product, including without limitation product numbers, version numbers, SKUs, code names, project names, and all other names and naming conventions.

**SPECIFIC OBJECTIONS TO REQUEST NO. 6:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary*

*information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 7:**

Documents and tangible things sufficient to identify any third parties or consultants who assisted in the research, design, development, supply of components, maintenance, testing, operation, performance, installation, marketing, use, sale or offer for sale of each Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 7:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret

information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 8:**

For each Person involved in the development of any Accused Product for or on Vector Flow's behalf, documents sufficient to describe Vector Flow's relationship with that Person, including all contracts and agreements involving Vector Flow and that entity.

**SPECIFIC OBJECTIONS TO REQUEST NO. 8:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the

reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is overbroad and not proportional to the needs of the case to the extent it purports to encompass the confidential, private information of individual employees and/or contractors involved in any development of the Accused Products.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 9:**

For each Person that has developed or is involved in the development of any Accused

Product for or on Vector Flow's behalf, all communications and all documents relating to any communications with that Person relating to the Asserted Patents or this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 9:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Vector Flow construes this Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's

objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 10:**

All documents and tangible things relating to any agreement for the design, development, production, use, or sale of each Accused Product or component thereof, including development contracts, sales contracts, invoices, and purchase orders.

**SPECIFIC OBJECTIONS TO REQUEST NO. 10:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or

solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 11:**

All documents and tangible things relating to the date of development, use, sale, or offer of sale of each Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 11:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary*

*information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this request is rendered vague and ambiguous by its use of the undefined phrases "date of development" and "date of… use." Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable

search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 12:**

All documents and tangible things relating to any third party's research, design, development, supply of components, maintenance, testing, operation, performance, installation, marketing, use, sale or offer for sale of Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 12:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services

relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 13:**

Documents sufficient to show the identity of all of Your distributors, resellers, and integration partners regarding any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 13:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets,

the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 14:**

All documents relating to communications between You and any other Person, including but not limited to Innominds, Johnson Control International, and AT&T Inc., relating to the research, development, design, structure, function, operation, or implementation of any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 14:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph

7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 15:**

For each Accused Product, all documents relating to any tests, experiments, or quality assurance procedures relating to that product performed by You or any third party, including without limitation documents relating to tests performed during the development of such product and the location of any and all such testing.

**SPECIFIC OBJECTIONS TO REQUEST NO. 15:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "all documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case. Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 16:**

All documents and tangible things relating to publications, manuscripts, papers, abstracts, posters, presentations, speeches, webinars, blogs, or technical writings, whether published or not, that were authored in whole or in part by You concerning any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 16:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow's confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added);

Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 17:**

For each Accused Product, all documents provided to end users of that product, including without limitation manuals, installation guides, readme files, product descriptions, instructions, and technical support information.

**SPECIFIC OBJECTIONS TO REQUEST NO. 17:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow's confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret

information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's

"products and/or services" that are not alleged to be at issue in the Complaint, such discovery is

not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and

without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive

documents that are in its possession, custody, or control, and that it locates following a reasonable

search after HID identifies its trade secrets with reasonable particularity and Vector Flow's

objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the

proper scope of the Request.

**REQUEST NO. 18:**

All documents and tangible things relating to the conception of any of the intellectual

property embodied in each Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 18:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow

confidential information and Plaintiff has not yet identified with reasonable particularity any trade

secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham*

*Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets,

the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary*

*information of its adversary*, the trade secrets it claims were misappropriated," and must identify

the trade secrets with "reasonable particularity.") (citation omitted and emphasis added);

Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348

(CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the

reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.,*

*LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined term "intellectual property."  Vector Flow further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek documents relating to the conception of intellectual property not at issue in this case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 19:**

All documents and tangible things relating to test protocols and any programs or software used to test each Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 19:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's

"products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 20:**

All training materials relating to any Accused Product, including without limitation technical training materials, marketing training materials, and sales training materials.

**SPECIFIC OBJECTIONS TO REQUEST NO. 20:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348

(CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined phrase "training materials." Vector Flow further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because the information sought is not relevant to any of the claims and defenses at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 21:**

Documents sufficient to show Vector Flow's policies and/or procedures related to testing of and comments to Source Code.

**SPECIFIC OBJECTIONS TO REQUEST NO. 21:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to encompass documents pertaining to Source Code that is not relevant to the claims and defenses at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's

objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 22:**

One functional copy of each Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 22:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret

information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further object that this Request is rendered vague and ambiguous by Plaintiff's use of the undefined phrase "functional copy."

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 23:**

Documents sufficient to show when Vector Flow decided to enter the market for identity management solutions.

**SPECIFIC OBJECTIONS TO REQUEST NO. 23:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow's confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348

(CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is rendered vague and ambiguous by Plaintiff's use of the undefined terms "decided to enter" and "identity management solutions."

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 24:**

Documents sufficient to show and detail Vector Flow's total investment in research and development of its products and services, including the Accused Products, from March 21, 2019 to present.

**SPECIFIC OBJECTIONS TO REQUEST NO. 24:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow's confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify

the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.*, LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show Vector Flow's investment in research and development of products and services not at issue in this litigation.  Vector Flow further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents not relevant to the claims and defenses at issue in this case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive

documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 25:**

Documents to show and detail on a quarterly basis Vector Flow's investment in the Accused Products.

**SPECIFIC OBJECTIONS TO REQUEST NO. 25:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow's confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  See, e.g., *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc*., 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm*., LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services

relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 26:**

All documents constituting or relating to studies, forecasts, projections, budgets, analyses, or reports regarding any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 26:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow's confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. See, e.g., *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added);

Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.*, LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 27:**

All documents and tangible things that identify the persons or entities who evaluated, purchased, took a license, or agreed to purchase or take a license to any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 27:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's

"products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 28:**

Documents sufficient to identify all of Vector Flow's potential, former, and current customers for the Accused Products from March 2019 to present, including all prospective customers to whom Vector Flow has marketed, offered, or attempted to sell any of the Accused Products from March 2019 to present.

**SPECIFIC OBJECTIONS TO REQUEST NO. 28:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify

the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined phrase "potential customers." Vector Flow further objects that this Request is substantially overbroad and unduly burdensome to the extent it purports to encompass documents sufficient to identify "potential… customers" to whom Vector Flow has not directly marketed, offered, or attempted to sell any of the Accused Products.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable

search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 29:**

All documents relating to communications with customers, potential customers, consumers, and/or end users, including without limitation AT&T Inc., Johnson Controls International, BP, Oracle Corporation, and SAP, relating to any Accused Product, including without limitation complaints, help requests, comments, and communications relating to technical support.

**SPECIFIC OBJECTIONS TO REQUEST NO. 29:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for the production of irrelevant documents such as "complaints, help requests, comments [and] technical support."  Vector Flow further objects that this Request is rendered overly broad, vague, and ambiguous due to its use of the undefined term "potential customers."

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined phrase "potential customers." Vector Flow further objects that this Request is substantially overbroad and unduly burdensome to the extent it purports to encompass documents sufficient to identify "potential… customers" to whom Vector Flow has not directly marketed, offered, or attempted to sell any of the Accused Products.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's

objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 30:**

All documents relating to communications with customers and/or potential customers, including without limitation AT&T Inc., Johnson Controls International, BP, Oracle Corporation, and SAP, relating to sales or potential sales of any Accused Product, including without limitation all requests, requests for proposal, requests for quotation, specifications, sales negotiations, bids, offers, proposals, meetings, customer lists, potential customer lists, top prospect lists, customer files, and pricing information.

**SPECIFIC OBJECTIONS TO REQUEST NO. 30:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  See, e.g., *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous,

overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined phrase "potential customers." Vector Flow further objects that this Request is substantially overbroad and unduly burdensome to the extent it purports to encompass documents sufficient to identify "potential… customers" to whom Vector Flow has not directly marketed, offered, or attempted to sell any of the Accused Products.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

REQUEST NO. 31:

All client and customer agreements entered into by You, including but not limited to any and all customer agreements entered between You and any former customer of HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 31:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc., 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), Flexible Techs., Inc. v. SharkNinja Operating, LLC, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); Auromedics Pharma LLC v. Ingenus Pharm., LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined phrase "client and customer agreements." Vector Flow further objects that this Request is substantially overbroad and unduly burdensome to the extent it purports to encompass agreements that are irrelevant to the claims and defenses at issue in this litigation.  Vector Flow further objects that this Request charges Vector Flow with information outside of its knowledge, possession, custody, or control, such as whether or not an individual or entity with whom Vector Flow has contracted is a "former customer of HID."

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable

search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 32:**

All documents and things relating to any conferences, exhibitions, conventions, or trade shows at which any Accused Product has been discussed, referred to, advertised, displayed, demonstrated, run, operated, or shown, including without limitation advertisements, brochures, articles, pamphlets, price lists, product specifications, product packaging, and other promotional, marketing, or presentation materials.

**SPECIFIC OBJECTIONS TO REQUEST NO. 32:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  See, e.g., *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc*., 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm*., LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous,

overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects to this Request to the extent it seeks information not within Vector Flow's possession, custody, or control.  For example, this Request purports to seek documents and things relating to "conferences… at which any Accused Product has been discussed," regardless of whether Vector Flow participated in or was responsible for said discussion.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.  On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 33:**

All documents concerning any advertisements, brochures, articles, pamphlets, price lists,

product specifications, product packaging, and other promotional, marketing, or presentation materials referring or relating to any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 33:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  See, e.g., *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm*., LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is

not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Vector Flow objects to this Request to the extent it seeks information not within its possession, custody, or control. For example, this Request purports to seek "[a]ll documents.. referring or relating to any Accused Product," regardless of whether Vector Flow was responsible for creating or disseminating said documents.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 34:**

All documents relating to any comparison of Vector Flow's technology, products, or services to HID's technology, products, or services, including internal or third party evaluations and analyses, and any presentation or advertisement made or authorized by You.

**SPECIFIC OBJECTIONS TO REQUEST NO. 34:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets,

the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm*., LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Defendants further object that this Request is rendered vague and ambiguous by its undefined reference to HID's "technology, products, or services." Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 35:**

All documents relating to Vector Flow marketing materials that discuss HID or HID's technology, products, or services.

**SPECIFIC OBJECTIONS TO REQUEST NO. 35:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow

confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  See, e.g., *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.*, LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Defendants further object that this Request is rendered vague and ambiguous by its undefined reference to HID's "technology, products, or services."

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 36:**

All documents relating to any pitch or business presentation You made to current, former, or prospective clients for Vector Flow's Accused Products.

**SPECIFIC OBJECTIONS TO REQUEST NO. 36:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.*, LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 37:**

All documents relating to sales meetings, seminars, workshops, field sales reports, sales reports, marketing efforts, or third-party development efforts relating to any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 37:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.*,

LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is vague and ambiguous with respect to the undefined phrases "field sales reports" and "third-party development efforts." Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 38:**

Vector Flow's annual, quarterly, and monthly audited, compiled, reviewed, or unaudited

financial statements, including all income statements and balance sheets of Vector Flow.

**SPECIFIC OBJECTIONS TO REQUEST NO. 38:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it encompasses unaudited, nonfinal, or draft financial statements.  Vector Flow further objects that this Request, to the extent it purports to request such unaudited, nonfinal, or draft financial statements, seeks information that is irrelevant to any claim or defense at issue in this litigation.  Vector Flow further objects that the Request's inclusion of "monthly" statements is unnecessary, unduly burdensome, not proportional to the needs of the case, and irrelevant to any of the claims or defenses at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive

documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 39:**

All corporate formation, incorporation, licensing, or registration documents of Vector Flow, whether in draft or final form.

**SPECIFIC OBJECTIONS TO REQUEST NO. 39:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.*, LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is vague and ambiguous with respect to the phrase "licensing… of Vector Flow." Vector Flow further object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to

encompass documents that are irrelevant to the claims and defense at issue in this litigation.  Vector Flow further objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and irrelevant to the claims and defenses at issue in this case to the extent it seeks "draft" documents.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and tangible things relating to publications, manuscripts, papers, abstracts, posters, presentations, speeches, webinars, blogs, or technical writings, whether published or not, that were authored in whole or in part by You concerning any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 40:**

Defendant objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja*

*Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to describe Vector Flow's corporate organization and departmental structure relating to the engineering, design, development, selection, testing, verification, implementation, marketing, and sales of all Accused Products, whether based in the United States or outside the United States.

**SPECIFIC OBJECTIONS TO REQUEST NO. 41:**

Defendant objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph

7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to or regarding any valuation of Vector Flow or of any Vector Flow business, product, or service.

**SPECIFIC OBJECTIONS TO REQUEST NO. 42:**

Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "documents relating to or regarding any valuation" of any "Vector Flow business, product, or service" that is unaccused in this case of infringing the Asserted Patents or embodying Plaintiff's allegedly misappropriated Trade Secret information. Vector Flow further objects to this Request to the extent it seeks Vector Flow's confidential or proprietary information because Plaintiff has not yet identified its allegedly misappropriated trade secret information with reasonable particularity.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 43:**

All documents including presentations, reports, and profit and loss statements, that Vector Flow disclosed to any investors relating to or regarding Vector Flow's financial performance, including but not limited to its revenue, cost of revenue, research and development costs, profits, and market share.

**SPECIFIC OBJECTIONS TO REQUEST NO. 43:**

Defendant objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja*

*Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents prepared by Vector Flow, or provided to Vector Flow by any outside consultant, related to the market or prospective market for Vector Flow's Accused Products.

**SPECIFIC OBJECTIONS TO REQUEST NO. 44:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were

misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.   To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined phrase "prospective market." Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's

objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 45:**

All documents relating to past, present, or future sales or marketing for any Accused Product, including without limitation all market projections and market projection models, projected market penetration and market share studies, market growth both projected and actual, market surveys, customer satisfaction surveys, competitive position analyses, and all documents relating to Vector Flow's expectations, strategies, and approaches for marketing and/or selling any of the Accused Products.

**SPECIFIC OBJECTIONS TO REQUEST NO. 45:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous,

overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined phrases "future sales or marketing," "market projections," "market projection models," and "competitive position analyses."  Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 46:**

All documents relating to any agreement for the development, production, use, sale, or offer for sale of any Accused Product, including all development contracts, sales contracts, offers for sale, invoices, and purchase orders.

**SPECIFIC OBJECTIONS TO REQUEST NO. 46:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm*., LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Defendants further object that this Request is rendered vague and ambiguous by its use of

the undefined terms "development" and "development contracts." Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 47:**

All documents relating to any sale or offer for sale of any Accused Product, including without limitation all documents relating to technical specifications or proposals, estimated costs, development plans, price or profit determination, payment terms, delivery terms, financing, gross margin analysis, cost sheets, accounting statements, and all other documents relating to such sale or offer for sale.

**SPECIFIC OBJECTIONS TO REQUEST NO. 47:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added);

Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.*, LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 48:**

For each sale of any Accused Product, including sale of a user license, enterprise license, subscription, and/or system (a "sale"), documents sufficient to describe such sale, including for each sale documents sufficient to show without limitation: the date of the sale; the seller; the customer; the units sold; the number of units sold; unit price; sale price; cost of goods sold; discount provided; the place of sale; the customer location; the location where the sale was negotiated; the delivery address; the method of delivery; the total number of each Accused Products that were sold; the total gross revenue generated for all such sales, by month and year; the total net revenue generated for all such sales, by month and year; the total cost attributable to all such sales, by month and year; the total profit for all such sales, by month and year; the revenue generated by training customers to use Accused Products, by month and year; and the revenue generated from installation, maintenance, and/or support of customers' use of the Accused Products, by month and year.

**SPECIFIC OBJECTIONS TO REQUEST NO. 48:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the

reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.*, LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow objects that this Request seeks information not within its possession, custody, or control. Vector Flow further objects that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case, because it seeks information not relevant to any of the claims or defenses at issue in this litigation such as, for example, "the method of delivery."

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 49:**

All documents relating to the number of Accused Products Vector Flow expects or projects to sell in the future, in both the U.S. and worldwide markets.

**SPECIFIC OBJECTIONS TO REQUEST NO. 49:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's

"products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 50:**

For each version of an Accused Product, documents sufficient to identify the dates of development, the date when first offered for sale, the date of first sale, the dates of sale, and the date of last sale (if discontinued) for that product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 50:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation

omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined phrase "dates of development."

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 51:**

All documents relating to the pricing of or pricing strategies relating to any Accused

Products, including without limitation all documents relating to profitability analyses.

**SPECIFIC OBJECTIONS TO REQUEST NO. 51:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow and

Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable

particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*,

*SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases

involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of*

*confidential proprietary information of its adversary*, the trade secrets it claims were

misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation

omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja*

*Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade

secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v.*

*Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve

its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is rendered vague and ambiguous by its use

of the undefined phrases "pricing strategies" and "profitability analyses."  Vector Flow further

objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of

the case because it seeks information not relevant to any of the claims or defenses at issue in this

litigation.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 52:**

All invention disclosures relating to any and all patents and patent applications, including provisional applications, filed by or on behalf of, or issued to Vector Flow.

**SPECIFIC OBJECTIONS TO REQUEST NO. 52:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v.*

*Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined phrase "invention disclosures." Vector Flow further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to request documents pertaining to patents or patent applications other than the Asserted Patents. Vector Flow further objects that this Request seeks information that is within Plaintiff's possession, custody, or control, or is publicly available and therefore equally accessible to Plaintiff. Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Vector Flow construes this Request as not seeking such information, and will not provide such information in response.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 53:**

All documents referencing, mentioning or discussing the patenting of any inventions relating to the Accused Products by Vector Flow.

**SPECIFIC OBJECTIONS TO REQUEST NO. 53:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined phrase "invention disclosures."  Vector Flow further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to request documents pertaining to patents other than the Asserted Patents.  Vector Flow further objects that this Request seeks information that is within Plaintiff's possession, custody, or control, or is publicly available and therefore equally accessible to Plaintiff. Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.  Vector Flow construes this Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 54:**

All communications between Vector Flow and any third parties concerning patents or patent applications, including provisional applications, applied for by or on behalf of Vector Flow or patents issued to or owned by Vector Flow and relating to the Accused Products.

**SPECIFIC OBJECTIONS TO REQUEST NO. 54:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.,*

*SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request is rendered vague and ambiguous by its use of the undefined phrase "invention disclosures."  Vector Flow further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to request documents pertaining to patents other than the Asserted Patents.  Vector Flow further object that this Request is overbroad, unduly burdensome, and not proportional to the needs

of the case because the information sought does not relate to any of the claims or defenses at issue in this litigation.  In particular, it is unclear what relevance, if any, "patents or patent applications… *applied for by or on behalf of Vector Flow* or patents issued to or owned *by Vector Flow*" have with respect to Plaintiff's allegations against Vector Flow in this litigation.  Vector Flow further objects that this Request seeks information that is within Plaintiff's possession, custody, or control, or is publicly available and therefore equally accessible to Plaintiff. Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.  Vector Flow construes this Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 55:**

All documents relating to all licensing and other agreements between Vector Flow and any third party that mention one or more patents or patent applications assigned to Vector Flow.

**SPECIFIC OBJECTIONS TO REQUEST NO. 55:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets,

the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Defendants further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because the information sought does not relate to any of the claims or defenses at issue in this litigation. In particular, it is unclear what relevance, if any, "documents relating to licensing and other agreements… that mention one or more patents or patent applications *assigned to Vector Flow*" has with respect to Plaintiff's allegations against Vector Flow in this litigation. Vector Flow further objects that this request seeks information protected by the attorney-client privilege and/or the work product doctrine. Vector Flow construes this Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, Vector Flow will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All documents relating to any request for reexamination, request for inter partes review, preparation of request for reexamination, preparation of request for inter partes review, decision to seek reexamination, decision to seek inter partes review, or consideration of possible reexamination or possible inter partes review of the Asserted Patents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 56:**

Vector Flow further objects to this Request to the extent it seeks information that is a matter of public record or else equally accessible to Plaintiff.  Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and/or the work product doctrine.  Vector Flow construes this Request as not seeking such information, and will not provide such information in response.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents that are within Vector Flow's possession, custody, or control, and that Vector Flow locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 57:**

All documents relating to the Asserted Patents, the any related patents or patent applications.

**SPECIFIC OBJECTIONS TO REQUEST NO. 57:**

Vector Flow objects to this Request as being substantially overbroad, unduly burdensome, not proportional to the needs of the case, and as not related to the claims and defenses at issue in this litigation.  Specifically, this Request is not reasonably limited in scope because it seeks "[a]ll documents related to the Asserted Patents," regardless of whether those documents are relevant to the claims and defenses at issue in this litigation.  Vector Flow further objects that this Request fails to specify with reasonable particularity the documents that are to be searched and produced.  Defendants further object that this Request is vague and ambiguous with respect to its Request for "[a]ll documents relating to… the any related patents or patent applications."

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents within its possession, custody, or control that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 58:**

All documents relating to or referencing any of the named inventors of the Asserted Patents, Ajay Jain, Vikrant Ghai, and Shailendra Sharma in regards to the Accused Products and/or the Asserted Patents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 58:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at

issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 59:**

All documents relating to any effort by Vector Flow to design around or otherwise avoid infringing the Asserted Patents, or otherwise relate to any contention that Vector Flow does not infringe the Asserted Patents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 59:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade

secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and/or the work product doctrine.  Vector Flow construes this Request as not seeking such information, and will not provide any such information in response.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and tangible things relating to any search for prior art with respect to the Asserted Patents, including but not limited to any search results.

**SPECIFIC OBJECTIONS TO REQUEST NO. 60:**

Vector Flow objects to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or else is publicly available such that it is equally accessible to Plaintiff. Vector Flow further object that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents that are within Vector Flow's possession, custody, or control, and that Vector Flow locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 61:**

All documents relating to Your contentions, if any, regarding the state of the art or level of ordinary skill in the art regarding the subject matter of each Asserted Patent at the time of invention, the priority date, and/or at the time of filing for that patent.

**SPECIFIC OBJECTIONS TO REQUEST NO. 61:**

Vector Flow objects to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or else is publicly available such that it is equally accessible to Plaintiff. Vector Flow further object that this Request seeks information protected by the attorney-

client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents that are within Vector Flow's possession, custody, or control, and that Vector Flow locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and tangible things relating to the infringement or noninfringement of any of the claims of the Asserted Patents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 62:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 63:**

All documents and tangible things relating to the validity or invalidity of any of the claims of the Asserted Patents, or prior art to the Asserted Patents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 63:**

Vector Flow objects to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or else is publicly available such that it is equally accessible to Plaintiff. Vector Flow further object that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, Vector Flow will produce relevant, non-privileged, responsive

documents that are within Vector Flow's possession, custody, or control, and that Vector Flow locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and tangible things relating to any search, study, analysis, investigation or other consideration of the actual or possible (a) validity or invalidity, (b) infringement or noninfringement, or (c) enforceability or unenforceability of any claim in the Asserted Patents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 64:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or else is publicly available such that it is equally accessible to Plaintiff. Vector Flow further object that this Request seeks information protected by the attorney-

client privilege and the work product doctrine. Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 65:**

All documents relating to Your contentions, if any, regarding any reasonable royalty for the Asserted Patents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 65:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja*

*Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or else is publicly available such that it is equally accessible to Plaintiff. Vector Flow further object that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 66:**

All documents relating to any defense, affirmative defense, or counterclaim raised by You in this matter.

**SPECIFIC OBJECTIONS TO REQUEST NO. 66:**

Vector Flow objects to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or else is publicly available such that it is equally accessible to Plaintiff. Vector Flow further object that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive

documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 67:**

All documents relating to indemnification, any offer to indemnify, or any request for indemnification relating to the Asserted Patents or this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 67:**

Vector Flow objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Vector Flow further objects that the Request is vague, ambiguous, and undefined because it fails to specify which entity, if any, is the subject of the purported indemnification agreements or offers to be searched for and produced. Vector Flow further objects that this Request is unduly burdensome and not proportional to the needs of the litigation because it seeks production of material that is irrelevant to the claims and defenses at issue in this litigation.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, Vector Flow will produce relevant, non-privileged, responsive documents within its possession, custody, or control that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 68:**

All documents relating to Your policies or practices concerning patent clearances, right-to-use opinions, freedom to operate opinions, or other mechanisms to avoid patent infringement.

**SPECIFIC OBJECTIONS TO REQUEST NO. 68:**

Vector Flow objects that this Request plainly seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents within its possession, custody, or control that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 69:**

All licenses, agreements of forbearance, agreements of non-assertion, covenants not to sue or other agreements between You and any other person granting any rights relating, in whole or in part, to any technology, intellectual property, invention, or method associated with any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 69:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the

reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flows further objects that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case because this Request purports to seek "[a]ll documents concerning licenses… to any technology, intellectual property, invention, or method associated with any Accused Product," regardless of whether the technology, intellectual property, invention, or method in question is relevant to the claims or defenses at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's

objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 70:**

All documents relating to communications or negotiations of any licenses, agreements of forbearance, agreements of non-assertion, covenants not to sue or other agreements between You and any other person granting any rights relating, in whole or in part, to any technology, intellectual property, invention, or method associated with any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 70:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services

relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flows further objects that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case because this Request purports to seek "[a]ll documents relating to communications or negotiations concerning any licenses… to any technology, intellectual property, invention, or method associated with any Accused Product," regardless of whether the technology, intellectual property, invention, or method in question is relevant to the claims or defenses at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 71:**

All documents relating to any litigation or administrative or other proceeding in the United States or any foreign country relating to any technology, intellectual property, invention, or method used or implemented by an Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 71:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flows further objects that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case because this Request purports to seek "[a]ll documents relating to any litigation… relating to any technology, intellectual property, invention, or method used or implemented by an Accused Product," regardless of whether the technology, intellectual property, invention, or method in question is relevant to the claims or defenses at issue in this litigation.  Vector Flow further objects that this Request is overbroad and seeks irrelevant material to the extent it seeks documents related to proceedings in "any foreign country." Vector Flow further objects that this Request seeks information that is within Plaintiff's possession, custody, or control, or else is publicly available and therefore equally accessible to Plaintiff.

Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 72:**

All documents and tangible things relating to any communications with any third party concerning HID, the Asserted Patents, or this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 72:**

Vector Flow objects to this Request as being substantially overbroad, not proportional to the needs of the case, and as not related to the claims and defenses at issue in this litigation. Specifically, this Request is not reasonably limited in scope because it seeks "[a]ll documents and tangible things… concerning HID [and] the Asserted Patents," regardless of whether those documents are relevant to the claims and defenses at issue in this litigation. Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents within its possession, custody, or control that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 73:**

All documents, including without limitation agendas, minutes, and notes, regarding any meetings or presentations relating, at least in part, to discussing HID, the Asserted Patents, and/or the possibility that You may infringe any HID patent.

**SPECIFIC OBJECTIONS TO REQUEST NO. 73:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade

secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects that this request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent it seeks "all documents… discussing HID," regardless of whether those documents pertain to the claims and defenses at issue in this litigation.  Vector Flow further objects that this Request seeks documents within Plaintiff's possession, custody, or control.  For example, this Request is not limited in time, and therefore purports to encompass documents created prior to the formation of Vector Flow. Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's

objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 74:**

All documents relating to the value of any Vector Flow or HID patents, intellectual property rights, or technology.

**SPECIFIC OBJECTIONS TO REQUEST NO. 74:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects that this request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent it seeks "documents relating to the value of any… patents, intellectual property rights, or technology" regardless of whether those documents pertain to "patents, intellectual property rights, or technology" specifically at issue in this litigation. In particular, Plaintiff's Request for "documents relating to the value of any Vector

Flow… patents, intellectual property rights, or technology" encompasses information that has no relation to the claims and defenses at issue in this litigation. Vector Flow further objects that this Request seeks documents within Plaintiff's possession, custody, or control, particularly with respect to those documents relating to "HID patents, intellectual property rights, or technology." Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 75:**

For each Accused Product, documents sufficient to identify and describe in detail all products that Vector Flow contends are comparable to that product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 75:**

Vector Flow objects to this Request as seeking irrelevant information that does not relate to the claims and defenses in this litigation, and further objects that this Request is therefore overly broad, unduly burdensome, and not proportional to the needs of the case.  Vector Flow further objects to this Request to the extent it seeks information that is not within Vector Flow's possession, custody, or control, or else is publicly available and therefore equally accessible to Plaintiff.

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 76:**

All documents relating to any comparison or competitive analysis of any product made or sold by HID with any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 76:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow objects to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Vector Flow further objects that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 77:**

All documents related to Vector Flow's compilation, review, or analysis of information or data related to the functionality or operation of HID's products.

**SPECIFIC OBJECTIONS TO REQUEST NO. 77:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.,*

*LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 78:**

All documents that relate to purchases or licenses by Vector Flow of any competitor's identity management product, service, or component thereof, including identity management products or services sold or offered for sale by HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 78:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.,*

*LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent it seeks documents relating to "purchases or licenses by Vector Flow of any competitor's identity management product" that is not at issue in this case.  Vector Flow further objects that this Request is rendered vague and ambiguous by the use of the undefined term "identity management product."

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 79:**

All documents that relate to Vector Flow's efforts to reverse engineer any competitor's identity management product, service, or component thereof, including identity management products or services sold or offered for sale by HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 79:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary*

*information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent it seeks documents relating to purported efforts to "reverse engineer" products not sold by HID.  Vector Flow further objects that this Request is rendered vague and ambiguous by the use of the undefined term "identity management product."

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 80:**

Documents sufficient to identify each expenditure by Vector Flow related to any effort to test, analyze, modify or reverse engineer any HID identity management product or service.

**SPECIFIC OBJECTIONS TO REQUEST NO. 80:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. In particular, to the extent any such "reverse engineering" took place, it is unclear what relevance if any "[d]ocuments sufficient to identify each expenditure by Vector Flow" related to any such effort would have to the claims and defenses at issue in this case. Furthermore, to the extent documents reflecting "each expenditure" exist, the burden and expense required to both search for and produce such documents far outweighs the limited probative value such documents may have; as such, this Request is not proportional to the needs of the case. Vector Flow further objects that this Request is rendered vague and ambiguous by the use of the undefined term "identity management product."

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents within Individual Defendants' possession, custody, or control, and that they locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 81:**

Produce for inspection each HID identity management product or system that Vector Flow has tested, analyzed, modified or reverse engineered in whole or in part.

**SPECIFIC OBJECTIONS TO REQUEST NO. 81:**

Vector Flow objects that this Request seeks information not within Vector Flow's possession, custody, or control, and that are otherwise within Plaintiff's possession, custody, or control. Vector Flow further objects that this Request is vague and ambiguous, particularly because this Request is not limited by time. For example, this Request would purport to require Vector Flow to produce HID identity management products or systems that the Individual Defendants tested, analyzed, or modified in their prior capacities as HID employees.

Vector Flow objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks the information regarding the products or systems that Individual Defendants worked on while they were employed by HID.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents that are within Vector Flow's possession, custody, or control, and that Vector Flow locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 82:**

All documents in Your possession, custody, or control obtained from HID or that relate to HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 82:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flows further objects that this Request is neither relevant nor proportional to the needs of this case to the extent it purports to encompass communications that "relate to HID" but are irrelevant to the claims and defenses at issue in this litigation.  Vector Flow further objects that this Request is not reasonably limited by time.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow

will produce relevant, non-privileged, responsive documents within Individual Defendants' possession, custody, or control, and that they locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 83:**

All documents relating to employing any feature or functionality from the HID SAFE™ product in any Vector Flow product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 83:**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's

objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 84:**

All documents relating to access by You to any of HID's technologies or products, including but not limited to HID Source Code and HID Executable Code.

**SPECIFIC OBJECTIONS TO REQUEST NO. 84:**

Vector Flow objects to this Request on grounds that it seeks disclosure purportedly relating to Plaintiff's alleged confidential information and/or trade secrets, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendant to permit Vector Flow to respond to this Request.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request seeks information within Plaintiff's possession, custody, or control because it seeks documents related to the very access that Plaintiff established and controlled.  Vector Flow further object that this Request fails to specify with reasonable particularity the documents to be searched for and produced.  Vector Flow further

objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case, in particular because the Request is not limited to the relevant time period.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents within their possession, custody, or control that they locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 85:**

All documents relating to access by anyone other than You to any of HID's technologies or products, including but not limited to HID Source Code and HID Executable Code.

**SPECIFIC OBJECTIONS TO REQUEST NO. 85:**

Vector Flow objects that this Request seeks information not within Vector Flow's possession, custody, or control, particularly as this Request seeks documents relating to access of HID's technologies by individuals and entities *other* than Vector Flow.  Vector Flow further objects that this Request seeks information that is within Plaintiff's possession, custody, or control. Vector Flow further objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case.  In particular, it is not clear what relevance, if any, access to HID's technologies or products by parties other than Vector Flow has to the claims and defenses at issue in this case.  Vector Flow further objects that this Request is vague, ambiguous, and not reasonably limited in scope because it purports to encompass everyone other than Vector Flow, regardless of Vector Flow's knowledge or level of control over any other such person.  Vector Flow further objects that this Request is substantially overbroad because, for instance, it purports to require Vector Flow to produce all documents relating to access of HID's products by HID's own customers.

Vector Flow objects to this Request on grounds that it seeks disclosure purportedly relating to Plaintiff's alleged confidential information and/or trade secrets, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendant to permit Vector Flow to respond to this Request.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents that are within its possession, custody, or control, and that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 86:**

All communications between You and any third party, including but not limited to enTrilogy and Innominds, regarding HID's technologies or products, including but not limited to HID Source Code and HID Executable Code.

**SPECIFIC OBJECTIONS TO REQUEST NO. 86:**

Vector Flow objects to this Request on grounds that it seeks disclosure purportedly relating to Plaintiff's alleged confidential information and/or trade secrets, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendant to permit Vector Flow to respond to this Request.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to encompass "HID's technologies or products" that bear no relation to the patent or trade secret claims at issue in this litigation, or any of the other claims or defenses at issue in this litigation. Vector Flow further objects that this Request is substantially overbroad because it is not reasonably limited by time or scope because it includes communications with third parties who are not alleged to have any relevance to the claims or defenses at issue.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive

documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 87:**

All social media messages, postings, and/or communications, including but not limited to messages, postings, and/or communications on LinkedIn, Facebook, Twitter, and/or other social media sites, that You posted concerning HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 87**

Vector Flow objects that this Request is harassing, overbroad, unduly burdensome, and not proportional to the needs of the case because the communications sought are not limited in scope to those pertaining to the claims and defenses at issue in this litigation. Vector Flow further objects to this Request to the extent the communications sought are publicly available and therefore equally accessible to Plaintiff. Vector Flow further objects that this Request is substantially overbroad because it is not reasonably limited by time.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents within its possession, custody, or control that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 88:**

All communications with Vector Flow customers regarding this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 88**

Vector Flow objects that this Request is harassing, overbroad, unduly burdensome, and neither relevant nor not proportional to the needs of the case because the information sought includes information that bears no relation to the claims and defenses at issue in this litigation.

Vector Flow further objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.*, LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 89:**

All communications with Vector Flow investors and shareholders regarding this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 89**

Vector Flow objects that this Request is harassing, overbroad, unduly burdensome, and neither relevant nor not proportional to the needs of the case because the information sought includes information that bears no relation to the claims and defenses at issue in this litigation.

Vector Flow further objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm.*, LLC, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's

objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 90:**

All documents relating to this litigation, including without limitation all documents relating to communications relating to this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 90**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to the claims and defenses at issue in this litigation to the extent it seeks documents pertaining to Vector Flow products other than the Accused Product(s), subject to Vector Flow's objection to that term as defined by Plaintiff.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 91:**

All documents relating to or constituting an opinion of counsel regarding any claim of the Asserted Patents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 91**

Vector Flow objects to this Request on grounds that it seeks disclosure of Vector Flow confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Vector Flow. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Vector Flow further objects that this Request is unreasonable, substantially overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent it seeks an opinion of counsel regarding "any claim" of the Asserted Patents, including claims which are not presently asserted against Vector Flow.  Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes this Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Vector Flow will only produce relevant, non-privileged, responsive documents that are in its possession, custody, or control, and that it locates following a reasonable search after HID identifies its trade secrets with reasonable particularity and Vector Flow's objections to this Request are resolved. Vector Flow is willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 92:**

To the extent not otherwise requested, all documents and things You intend to offer or believe may be offered as evidence in this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 92**

Vector Flow objects to this Request as premature and irrelevant because Vector Flow is not yet required to identify what it intends to offer as evidence in this litigation.  Vector Flow will disclose any such documents and things within the time period provided by the Federal Rules and any applicable court order.

Vector Flow objects that this Request fails to specify with reasonable particularity the category of items to be produced.  Vector Flow further objects that this Request seeks information

protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents that are within its possession, custody, or control, and that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 93:**

All documents and things identified, referenced, or relied upon in forming a response to the Complaint or to any interrogatory, request for admission, or request for production served on You in this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 93:**

Vector Flow objects that this Request fails to specify with reasonable particularity the category of items to be produced.  Vector Flow further objects to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or is publicly available such that it is equally accessible to Plaintiff. Vector Flow further objects that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents that are within Vector Flow's possession, custody, or control, and that Vector Flow locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 94:**

All documents produced to You pursuant to a subpoena in this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 94:**

Vector Flow objects to this Request as vague and ambiguous because it does not define "subpoena" and to the extent it seeks information that is not relevant nor proportional to the needs of this case. Vector Flow interprets and will construe "subpoena" to refer to a Rule 45 subpoena issued by Vector Flow in connection with this litigation.

Subject to and without waiving the General Responses and Objections set forth above, following entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents that are within its possession, custody, or control, and that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 95:**

All documents identified in, referred to, or relied on in drafting Your Fed. R. Civ. P. 26(a)(1) initial disclosures.

**SPECIFIC OBJECTIONS TO REQUEST NO. 95:**

Vector Flow objects to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or is publicly available such that it is equally accessible to Plaintiff. Vector Flow further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Vector Flow objects to this Request as premature and irrelevant because initial disclosures have not been exchanged.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow

will produce relevant, non-privileged, responsive documents that are within Vector Flow's possession, custody, or control, and that Vector Flow locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 96:**

Any keys, codes, explanations, manuals, and any other documents and/or things necessary to interpret or understand any document produced by You in this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 96:**

Vector Flow objects to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or is publicly available such that it is equally accessible to Plaintiff. Vector Flow further objects that this request is vague and ambiguous, particularly to the extent it requires Defendant to make a subject determination about what is "necessary to interpret or understand any document" produced by Vector Flow in this litigation.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow will endeavor to produce non-privileged, responsive documents that are within Vector Flow's possession, custody, or control, and that Vector Flow locates following a reasonable search.  To the extent Plaintiff believes that are specific documents that require "keys, codes, explanations, [or] manuals" to be interpreted or understood, Vector Flow invites Plaintiff to meet and confer in order to discuss Plaintiff's concerns.

**REQUEST FOR PRODUCTION NO. 97:**

Documents sufficient to detail Vector Flow's document retention policies.

**SPECIFIC OBJECTIONS TO REQUEST NO. 97:**

Vector Flow objects to the Request as overbroad, unduly burdensome, irrelevant and not proportional to the needs of this case. Vector Flow further objects to this Request to the extent it

seeks information protected by the attorney-client privilege and the work product doctrine.  Vector Flow construes the Request as not seeking such information, and will not provide such information in response.

Vector Flow further objects that this Request is vague and overbroad because it is not limited to an appropriate time period.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Vector Flow will produce relevant, non-privileged, responsive documents that are within Vector Flow's possession, custody, or control, and that Vector Flow locates following a reasonable search.

OF COUNSEL:

Adam S. Gershenson
Julianne Landsvik
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
(617) 937-2300
agershenson@cooley.com
jlandsvik@cooley.com

Heidi Keefe
Lowell Mead
Mark Weinstein
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000
hkeefe@cooley.com
lmead@cooley.com
mweinstein@cooley.com

Angeline X. Chen
COOLEY LLP
55 Hudson Yards
New York, NY  10001-2157
(212) 479-6000
axchen@cooley.com

Dated:  May 23, 2022

*/s/ Nicole K. Pedi*
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
pedi@rlf.com

*Attorneys for Defendants Vector Flow, Inc.,
Ajay Jain, Vikrant Ghai, and Shailendra
Sharma.*

## **CERTIFICATE OF SERVICE**

I, Nicole K. Pedi, hereby certify that on May 23, 2022, copies of the foregoing were caused

to be served upon the following in the manner indicated:


Jack B. Blumenfeld                                          *VIA ELECTRONIC MAIL*
Jennifer Ying
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market St.
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Plaintiff*

Marc J. Pensabene                                          *VIA ELECTRONIC MAIL*
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
*Attorney for Plaintiff*

David R. Eberhart                                          *VIA ELECTRONIC MAIL*
Sorin G. Zaharia
Betelhem Gedlu
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
*Attorneys for Plaintiff*

Eric Amdursky                                              *VIA ELECTRONIC MAIL*
Patrick Nack-Lehman
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
*Attorneys for Plaintiff*


/s/ *Nicole K. Pedi*
Nicole K. Pedi (#6236)

EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HID GLOBAL CORPORATION, | ) | |
| | ) | C.A. No. 21-1769-VAC-JLH |
| Plaintiff, | ) | (Consolidated) |
| | ) | |
| v. | ) | |
| | ) | |
| VECTOR FLOW, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| HID GLOBAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-203-VAC-JLH |
| | ) | |
| v. | ) | |
| | ) | |
| AJAY JAIN, VIKRANT GHAI, AND | ) | |
| SHAILENDRA SHARMA, | ) | |

Defendants.

**DEFENDANTS AJAY JAIN'S, VIKRANT GHAI'S, AND SHAILENDRA SHARMA'S
RESPONSES AND OBJECTIONS TO PLAINTIFF HID GLOBAL CORPORATION'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
<u>TO INDIVIDUAL DEFENDANTS</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Ajay Jain, Vikrant Ghai, and Shailendra Sharma (the "Individual Defendants") hereby respond to Plaintiff HID Global Corporation's ("HID" or "Plaintiff") First Set of Requests for Production of Documents (the "Requests").

**I.   GENERAL RESPONSES.**

1.   Individual Defendants' response to the Requests is made to the best of their present knowledge, information, and belief. This response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the

present state of their recollections, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Individual Defendants' further discovery or investigation. The Individual Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to the Requests but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.

2.  Individual Defendants reserve all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

3.  Individual Defendants reserve the right to object on any ground at any time to such other or supplemental demands for production as Plaintiff's may at any time propound involving or relating to the subject matter of these Requests.

4.  Individual Defendants' responses to the Requests shall not be interpreted as implying that responsive documents exist or that Individual Defendants acknowledge the appropriateness of the Request.

5.  The specific responses set forth below are based upon Individual Defendants' interpretation of the language used in the Requests, and Individual Defendants reserve their right to amend or supplement further responses in the event that Plaintiff asserts an interpretation that differs from Individual Defendants' interpretation.

## II.  GENERAL OBJECTIONS.

Individual Defendants make the following general objections, whether or not separately set forth in response to each Request, to each and every instruction, definition, and document demand made in Plaintiff's First Set of Requests for Production of Documents:

1.      The Individual Defendants object to the breach of contract claims against them and discovery into those claims.  As California residents, they are protected by California law, which prohibits employers from enforcing employment agreements against California residents that would deprive the employee of certain protections under California law.  Cal. Lab. Code § 925(a)–(b).  Specifically, California law protects employees from non-competition and non-solicitation provisions by voiding such provisions in employment agreements.  *See* Cal. Bus. & Prof. Code § 16600-01.  As such, the Individual Defendants object to the requirement that they respond to Requests regarding Plaintiff's breach of contract allegations.

2.      Individual Defendants object to all Definitions, Instructions, and Document Requests inclusive, to the extent they seek information regarding Plaintiff's Confidential Information or Trade Secrets, and/or to the extent they seek Individual Defendants' Confidential Information.  Plaintiff has not yet identified its Confidential Information or Trade Secrets with reasonable particularity; as such, Plaintiff's attempts to obtain Individual Defendants' Confidential Information are premature, at least for the reasons set forth in counsel for Individual Defendants' April 27, 2022 letter to counsel for Plaintiff, which are fully incorporated by reference here.

3.      Individual Defendants object to all Definitions, Instructions, and Document Requests inclusive, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific demand on the ground that such enlargement, expansion, or alteration renders said demand vague, ambiguous, unintelligible, unduly broad, and uncertain.

4.      Individual Defendants object to all Definitions, Instructions, and Document Requests inclusive, to the extent they seek documents not currently in Individual Defendants' possession, custody or control, or refer to persons, entities or events not known to Individual Defendants, on the grounds that such instructions, definitions, or demands seek to require more of

Individual Defendants than any obligation imposed by law, would subject Individual Defendants to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Individual Defendants an obligation to investigate or discover information or materials from third parties or services who are equally accessible to Plaintiff.

5.      Individual Defendants object to the Requests to the extent they seek information that is not limited to a reasonable time period, scope and subject matter, and thus are overbroad, unduly burdensome, and excessive, on the grounds that such information is neither relevant to the pending litigation nor proportional to the needs of the case.

6.      Individual Defendants object to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by law.  Individual Defendants interpret each Request as not requesting such information, and Individual Defendants will not produce any such information in response to any Request.

7.       Individual Defendants object to the definitions of "You" and "Your" as vague, overbroad, unduly burdensome, and not reasonably proportional to the needs of the case to the extent it purports to encompass "any other person acting on . . . behalf" of Individual Defendants. Individual Defendants construe the terms "You" and "Your" to mean Ajay Jain, Vikrant Ghai, Shailendra Sharma, and their agents.

8.      Individual Defendants object to the definition of "Innominds," a non-party to this action who is not mentioned in the complaint, as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to encompass Innomind Software, Inc.'s "shareholders, partners, agents, consultants, representatives, parents, subsidiaries, affiliates, assigns, and predecessors or successors in interest."  Individual Defendants further object to the

definition of "Innominds" to the extent it charges Individual Defendants with knowledge or information outside their possession, custody, or control.

9.      Individual Defendants object to the definition of "enTrilogy," a non-party to this action who is not mentioned in the complaint, as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to encompass enTrilogy LLC's "shareholders, partners, agents, consultants, representatives, parents, subsidiaries, affiliates, assigns, and predecessors or successors in interest."  Individual Defendants further object to the definition of "enTrilogy" to the extent it charges Individual Defendants with knowledge or information outside their possession, custody, or control.

10.      Individual Defendants object to the definition of "Confidential Information" as vague and ambiguous.  In particular, although this definition purports to include information that "constitutes, contains, reveals, or reflects trade secrets," Plaintiff has not identified with reasonable particularity what information it considers to be its "trade secrets," in turn rendering Individual Defendants unable to identify what if any information in their possession, custody, or control may be responsive to requests incorporating this term.  Individual Defendants further object to this definition as overbroad, unduly burdensome, and not reasonably proportional to the needs of the case because this definition purports to include information that bears no relation to the claims or defenses at issue.  For example, is not clear what relevance "budgeting and/or accounting information; information about existing and potential customers; marketing and other business strategies, decisions, or negotiations; personnel compensation, evaluations, and other employment information" have to Plaintiff's claims.

11.      Individual Defendants object to the definition of "HID Confidential Information" for the same reasons as set forth in Individual Defendants' objection to the definition of

"Confidential Information."   Individual Defendants further object to the definition of "HID Confidential Information" as vague and ambiguous to the extent it purports to encompass information "that has or could have commercial value or other utility in the business in which HID or its clients engage or in which they are contemplating engaging," because it requires Individual Defendants to make a subjective determination about whether certain information could have commercial value or utility to HID.  Individual Defendants further object that Plaintiff's definition is vague and overbroad because it encompasses numerous categories of information that are not in fact confidential.  Individual Defendants further object to this definition as charging Individual Defendants with knowledge or information outside of their possession, custody, or control.

12.    Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

13.    Individual Defendants object to the definition of "Document" as substantially overbroad and attempting to expand the obligations imposed on Individual Defendants beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of the Court. Individual Defendants will interpret the term "Document" consistent with its meaning pursuant to Federal Rule of Civil Procedure 34.

14.     Individual Defendants object to the definition of "electronic data" as it purports require discovery of irrelevant information such as "miscellaneous electronic files and file fragments," and inaccessible sources such as deleted files and backups. The Individual Defendants will conduct a reasonable search for accessible ESI as required by the rules and applicable law.

15.     Individual Defendants object to Instruction No. 10 as seeking to impose requirements upon Individual Defendants beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of this Court, and as seeking information that is no longer within Individual Defendants' possession, custody, or control.  Individual Defendants further object to this Instruction as harassing, unreasonable, not proportional to the needs of the case, and as imposing undue burden and expense.  In particular, Individual Defendants object to this Instruction as seeking to impose an obligation to affirmatively create business records, rather than to produce records as they are kept in the ordinary course of business.  To the extent Individual Defendants search for and produce documents in response to the Requests, Individual Defendants will conduct a reasonable search for documents, and produce responsive, non-privileged documents, if any, in a manner consistent with their obligations under the operative rules.

16.     Individual Defendants object to Instruction No. 11 as seeking to impose requirements upon Individual Defendants beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of this Court.  To the extent Individual Defendants withhold documents or information on the basis of privilege, Individual Defendants will comply with their obligations under Fed. R. Civ. P. 26(b)(5) and any provisions relating to the withholding of privileged documents in the parties' negotiated ESI protocol and Protective Order.

17.     Individual Defendants object to Instruction No. 12 as vague and ambiguous, and as imposing obligations upon Individual Defendants beyond what is required by the Federal Rules of

Civil Procedure and the Local Rules of this Court.  In particular, Individual Defendants object to this Instruction to the extent it purports to require Individual Defendants to provide an English translation that exists, but is not within Defendants' possession, custody, or control, or else is equally accessible to Plaintiff.  To the extent Individual Defendants possess a document in a language other than English, and an English translation of that document is within Individual Defendants' possession, custody, or control, Individual Defendants will endeavor to produce both the document and the English translation.  Individual Defendants are under no obligation to create or obtain for production an English translation of non-English documents if they do not otherwise possess one.

18.     Individual Defendants further object to Instruction No. 12 as unreasonable, harassing, overly burdensome, and as imposing obligations upon Individual Defendants beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of this Court.  In particular, Individual Defendants object to this Instruction to the extent it purports to require Individual Defendants to create business records rather than produce records as they are maintained in the ordinary course of business.  Individual Defendants further object to this Instruction as nonsensical to the extent it is intended to apply to requests for the production of documents.  To the extent Individual Defendants produce documents in response to these Requests, Individual Defendants will do consistent with their obligations under the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or court orders.

19.     Individual Defendants object to Instruction No. 16 because it imposes a date range that is overly broad, not reasonably limited in time, and thus neither relevant to the pending litigation nor proportional to the needs of the case.

### III.   SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT DEMANDS.

Without waiving or limiting in any manner any of the foregoing General Objections, but

rather incorporating them into each of the following responses to the extent applicable, Individual Defendants respond to the specific demands of Plaintiff's First Set of Request for Production as follows:

**REQUEST NO. 1:**

All communications among You relating to the acquisition by HID of Quantum Secure and the merger between HID and Quantum Secure.

**SPECIFIC OBJECTIONS TO REQUEST NO. 1:**

Individual Defendants object to this Request as being substantially overbroad, not proportional to the needs of the case, and as irrelevant to the claims and defenses at issue in this litigation, which relates to conduct after the acquisition by HID of Quantum Secure. Individual Defendants further object to this Request to the extent it seeks communications that are not in Individual Defendants' possession, custody, or control, or are equally within Plaintiff's possession, custody, or control.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, Individual Defendants are willing to meet and confer on this Request.

**REQUEST NO. 2:**

Any offer letters or other written offers of employment or other documents indicating the terms and conditions of Your employment or potential employment by HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 2:**

Individual Defendants object to this Request as neither relevant nor proportional to the needs of the case to the extent it seeks documents that are not the alleged contracts at issue or which Plaintiff is attempting to enforce. Plaintiff has alleged breach of non-competition agreements but has not attached any such agreements to its complaint nor alleged that any

Defendant breached an employment agreement or offer of employment with HID.

Individual Defendants further object to this Request to the extent it seeks communications that are not in Individual Defendants' possession, custody, or control, or are equally within Plaintiff's possession, custody, or control.

Subject to and without waiving the General Responses and Objections set forth above, Individual Defendants are willing to meet and confer on this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Any actual, potential, or draft agreements, including any employment agreement, between You and HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 3:**

Individual Defendants object that this Request is vague and ambiguous, particularly with respect to the undefined term "potential . . . agreements."  Individual Defendants understand "potential agreements" to refer to "draft agreements."  Individual Defendants further object to this Request as overbroad and not proportional to the needs of the case to the extent it purports to encompass actual or draft agreements that bear no relation to the claims or defenses at issue in this litigation.

Individual Defendants object to this Request as neither relevant nor proportional to the needs of the case to the extent it seeks documents that are not the alleged contracts at issue or which Plaintiff is attempting to enforce. Plaintiff has alleged breach of non-competition agreements but has not attached any such agreements to its complaint nor alleged that any Defendant breached an employment agreement or offer of employment with HID.

Individual Defendants further object to this Request to the extent it seeks communications that are not in Individual Defendants' possession, custody, or control, or are equally within

Plaintiff's possession, custody, or control.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents within its possession, custody, or control that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to Your decision to enter into the Non-Competition and Non-Solicitation Agreement with HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 4:**

Individual Defendants object that this Request is vague and ambiguous with respect to its reference to "Your decision." Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine. Defendants construe the Request as not seeking such information, and will not provide such information in response.

Individual Defendants object to this Request as neither relevant nor proportional to the needs of the case including to the extent that it seeks documents relating to the decision to enter the contracts that HID seeks to enforce. Documents and discussion predating the contracts are irrelevant and not proportional to the needs of the case.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents within its possession, custody, or control that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All communications relating to the Non-Competition and Non-Solicitation Agreement between You and HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 5:**

Individual Defendants object to this Request to the extent it seeks communications within Plaintiff's possession, custody, or control. Individual Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine.  Individual Defendants construe the Request as not seeking such information, and will not provide such information in response.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents within its possession, custody, or control that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to Your decision to found Vector Flow.

**SPECIFIC OBJECTIONS TO REQUEST NO. 6:**

The Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co.*, 766 A.2d at 447.

The Individual Defendants further object to this Request as vague and ambiguous with respect to its reference to "Your decision."  Individual Defendants further object that this Request fails to specify with reasonable particularity the documents to be searched for and produced.

Individual Defendants further object to this Request to the extent it seeks documents unrelated to any claim or defense at issue in this litigation. Individual Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine.  Defendants construe the Request as not seeking such information, and will not provide such information in response.

The Individual Defendants further object to this Request because "found" is vague and undefined. The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to the termination of Your employment at HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 7:**

The Individual Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks the requested items and discovery and information regarding termination of employment as beyond any proportional relevance to the parties' claims and defenses in this case.

Individual Defendants object to this Request to the extent it seeks communications within

Plaintiff's possession, custody, or control. Individual Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine.  Individual Defendants construe the Request as not seeking such information, and will not provide such information in response.

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents within their possession, custody, or control that they locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to any communications with third parties regarding any HID product after the termination of Your employment at HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 8:**

Individual Defendants object to the term "HID product" as undefined, vague, overly broad, and unduly burdensome because it fails to identify with any specificity what products it refers to and in what context.

Individual Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this litigation, particularly to the extent it purports to encompass communications with third parties that are unrelated to the claims and defenses at issue in this litigation. Individual Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine.  Individual Defendants

construe the Request as not seeking such information, and will not provide such information in response.

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents within its possession, custody, or control that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to Your decision to develop any Vector Flow product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 9:**

Individual Defendants object that this Request rendered vague and ambiguous by its use of the phrase "Your decision." Individual Defendants further object that this request is overly broad, unduly burdensome, and not reasonably proportional to the needs of the case to the extent it purports to encompass documents pertaining to Vector Flow products which are not at issue in this litigation.

Individual Defendants further object to the term "Vector Flow product" as vague, ambiguous, overly broad, and unduly burdensome because it does not identify with any specificity what product it refers to.

The Individual Defendants object to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual

Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 10:**

All documents relating to any communications with any investors or potential investors regarding founding Vector Flow.

**SPECIFIC OBJECTIONS TO REQUEST NO. 10:**

Individual Defendants object that this Request is overly broad, unduly burdensome, and not proportional to the needs of this litigation, particularly to the extent it purports to encompass communications that are unrelated to the claims and defenses at issue in this litigation. Individual Defendants further object that this Request is not reasonably limited in time.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 11:**

All documents concerning your relationship to, and role with, Vector Flow.

**SPECIFIC OBJECTIONS TO REQUEST NO. 11:**

Individual Defendants object that this Request is overly broad, unduly burdensome, and not proportional to the needs of this litigation, particularly to the extent it purports to encompass communications that are unrelated to the claims and defenses at issue in this litigation. Individual Defendants further object that this Request is not reasonably limited in time.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 12:**

All documents concerning the formation, incorporation, licensing, or registration of Vector Flow.

**SPECIFIC OBJECTIONS TO REQUEST NO. 12:**

Individual Defendants object that this Request is vague and ambiguous with respect to the phrase "licensing . . . of Vector Flow."  Individual Defendants further object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to encompass documents that are irrelevant to the claims and defense at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 13:**

All documents concerning any communications with any third parties, including investors or potential investors, regarding developing any of Vector Flow's products.

**SPECIFIC OBJECTIONS TO REQUEST NO. 13:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation

omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is overly broad, unduly burdensome, and not reasonably proportional to the needs of the case to the extent it purports to encompass documents pertaining to the development of Vector Flow products which are not at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 14:**

All documents relating to communications with customers, potential customers, consumers, and/or end users, including without limitation AT&T Inc., Johnson Controls International, BP, Oracle Corporation, and SAP, relating to any Accused Product, including without limitation complaints, help requests, comments, and communications relating to technical support.

**SPECIFIC OBJECTIONS TO REQUEST NO. 14:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case. Individual defendants further object to that Request's inclusion of "documents relating to . . . customers [and] potential customers" as overly broad, undefined, and as seeking material that is irrelevant to the claims and defenses at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 15:**

All documents relating to communications with customers and/or potential customers, including without limitation AT&T Inc., Johnson Controls International, BP, Oracle Corporation, and SAP, relating to sales or potential sales of any Accused Product, including without limitation all requests, requests for proposal, requests for quotation, specifications, sales negotiations, bids, offers, proposals, meetings, customer lists, potential customer lists, top prospect lists, customer files, and pricing information.

**SPECIFIC OBJECTIONS TO REQUEST NO. 15:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447

(Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Individual defendants further object to that Request's inclusion of "documents relating to . . . customers [and] potential customers" as overly broad, undefined, and as seeking material that is irrelevant to the claims and defenses at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate

following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 16:**

All documents concerning any communications with or among You and any current or former HID customers that occurred after the termination of Your employment at HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 16:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object to the term "current or former HID customers" as undefined, vague, irrelevant and not proportional to the needs of this case to extent it seeks communications unrelated to claims and defenses in this case, and because Plaintiff has not

identified any customers, former customers, or potential customers it contends were solicited by Defendants.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants further object that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it purports to encompass communications that are irrelevant to the claims and defenses at issue in this litigation.  Individual Defendants further object that this Request charges Individual Defendants with information not necessarily within their possession, custody, or control, including whether an individual or entity with whom Individual Defendants have previously communicated is or is not a "current or former HID customer[]."

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 17:**

All documents concerning any communications with or among You and any current or former HID employees that occurred after the termination of Your employment at HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 17:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447

(Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object to the term "current or former HID customers" as undefined, vague, irrelevant and not proportional to the needs of this case to extent it seeks communications unrelated to claims and defenses in this case, and because Plaintiff has not identified any customers, former customers, or potential customers it contends were solicited by Defendants.

Individual Defendants further object that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it purports to encompass communications that are irrelevant to the claims and defenses at issue in this litigation.  Individual Defendants further object that this Request charges Individual Defendants with information not necessarily within their possession, custody, or control, including whether an individual or entity with whom Individual Defendants have previously communicated is or is not a "current or former HID customer[]."

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate

following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 18:**

All documents concerning any communications with or among You and any current or former HID employees relating to starting another company during Your employment at HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 18:**

Individual Defendants object that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it purports to encompass communications that are irrelevant to the claims and defenses at issue in this litigation.   In particular, Individual Defendants object to this Request to the extent it seeks communications regarding "starting another company" other than Vector Flow as neither relevant nor proportional to the needs of this case.  Individual Defendants further object that this Request charges Individual Defendants with information not necessarily within their possession, custody, or control, such as whether an individual with whom Individual Defendants have previously communicated is or is not a "current or former HID employee[]."

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents within its possession, custody, or control that it locates following a reasonable search

**REQUEST NO. 19:**

All documents concerning any communications, including but not limited to e-mails, faxes, chat programs, instant messages, texts or SMS messages, and letters, sent by You concerning Vector Flow to any current or former HID client or customer.

**SPECIFIC OBJECTIONS TO REQUEST NO. 19:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is duplicative of Plaintiff's Request No. 16.  Individual Defendants further object that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it purports to encompass communications that are irrelevant to the claims and defenses at issue in this litigation.  Individual Defendants further object that this Request charges Individual Defendants with information not necessarily within their possession, custody, or control, such as whether an individual or entity

with whom Individual Defendants have communicated is or is not a "current or former HID customer," and Plaintiff has never provided a list of current or former customers it believes are relevant to the claims at issue in this case.  Defendants further object that this Request is not reasonably limited by time because it seeks documents beyond the scope and time period of the facts alleged in the complaint.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 20:**

All documents concerning communications, including but not limited to e-mails, faxes, chat programs, instant messages, texts or SMS messages, and letters, sent by You concerning Vector Flow to any current or former HID employee.

**SPECIFIC OBJECTIONS TO REQUEST NO. 20:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation

omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is duplicative of Plaintiff's Request No. 17. Individual Defendants further object that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it purports to encompass communications that are irrelevant to the claims and defenses at issue in this litigation. Individual Defendants further object that this Request charges Individual Defendants with information not necessarily within their possession, custody, or control, such as whether an individual with whom Individual Defendants have communicated is or is not a "current or former HID employee." Individual Defendants further object that this Request is not reasonably limited by time because it seeks documents beyond the scope and time period of the facts alleged in the complaint.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 21:**

All documents in Your possession, custody, or control obtained from HID or that relate to HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 21:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is duplicative of Plaintiff's Request No. 17. Individual Defendants further object that this Request is neither relevant nor proportional to the needs of this case to the extent it purports to encompass communications that "relate to HID" but are irrelevant to the claims and defenses at issue in this litigation. Individual Defendants further object that this Request is not reasonably limited by time.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents within Individual Defendants' possession, custody, or control, and that they locate following a reasonable search.

**REQUEST NO. 22:**

All documents concerning any agreement, strategy, plan, proposal, business plan, or discussion to establish any business outside of HID or to obtain or preserve HID documents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 22:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Defendant further object that this Request is vague and ambiguous with respect to the phrase "any business."  Individual Defendants further object that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and irrelevant to the claims and defenses at issue in this case to the extent it seeks documents pertaining to businesses other than Vector Flow.

Individual Defendants further object to this Request as compound and overbroad because it seeks two distinct categories of documents.

- 31 -

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 23:**

All documents concerning any communications with or among Defendants concerning any agreement, strategy, plan, proposal, business plan, or discussion to begin or establish any business, other than with HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 23:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object that this Request is duplicative of Plaintiff's Request No. 22. Individual Defendants further object that this Request is vague and ambiguous with respect to the phrase "any business."  Individual Defendants further object that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and irrelevant to the claims and defenses at issue in this case to the extent it seeks documents pertaining to businesses other than Vector Flow.

Individual Defendants further object that this Request is not reasonably limited by time because it seeks documents beyond the scope and time period of the facts alleged in the complaint. The Individual Defendants worked together for several years before working at HID, and communications concerning any business other than Vector Flow, if any, are neither relevant nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 24:**

All documents relating to access by You to any HID Source Code.

**SPECIFIC OBJECTIONS TO REQUEST NO. 24:**

The Individual Defendants object to this Request on grounds that it seeks disclosure purportedly relating to Plaintiff's alleged confidential information and/or trade secrets, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants to permit the Individual Defendants to respond to this Request.

*See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request seeks information within Plaintiff's possession, custody, or control because it seeks documents related to the very access that Plaintiff established and controlled.  Individual Defendants further object that this Request fails to specify with reasonable particularity the documents to be searched for and produced. The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents within their possession, custody, or control that they locate following a reasonable search.

**REQUEST NO. 25:**

All documents relating to employing any feature or functionality from the HID SAFE™ product in any Vector Flow product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 25:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is rendered vague and ambiguous by its use of the undefined phrase "feature or functionality."  Individual Defendants further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to encompass documents pertaining to features of the HID SAFE™ product that bear no relation to the patent or trade secret claims at issue in this litigation, or any of the other claims or defenses at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity

and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 26:**

All documents concerning any communications between You and any third party, including but not limited to enTrilogy, regarding HID's technologies or products, including but not limited to HID Source Code and HID Executable Code.

**SPECIFIC OBJECTIONS TO REQUEST NO. 26:**

The Individual Defendants object to this Request on grounds that it seeks disclosure purportedly relating to Plaintiff's alleged confidential information and/or trade secrets, and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Defendants to permit the Individual Defendants to respond to this Request. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to encompass "HID's technologies or products" that bear no relation to the patent or trade secret claims at issue in this

litigation, or any of the other claims or defenses at issue in this litigation. Individual Defendants further object that this Request is substantially overbroad because it is not reasonably limited by time or scope because it includes communications with third parties who are not alleged to have any relevance to the claims or defenses at issue.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 27:**

All documents concerning any communications between You and Innominds, including all JIRA submissions for work to be performed.

**SPECIFIC OBJECTIONS TO REQUEST NO. 27:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade

secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because the communications sought are not limited in scope to those pertaining to the claims and defenses at issue in this litigation. Individual Defendants further object that this Request is rendered vague and ambiguous by its use of the undefined term "JIRA submissions."  Individual Defendants further object that this Request is substantially overbroad because it is not reasonably limited by time.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 28:**

All social media messages, postings, and/or communications, including but not limited to messages, postings, and/or communications on LinkedIn, Facebook, Twitter, and/or other social media sites, that You posted concerning HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 28:**

Individual Defendants object that this Request is harassing, overbroad, unduly burdensome, and not proportional to the needs of the case because the communications sought are not limited in scope to those pertaining to the claims and defenses at issue in this litigation.

Defendant further object to this Request to the extent the communications sought are publicly available and therefore equally accessible to Plaintiff. Individual Defendants further object that this Request is substantially overbroad because it is not reasonably limited by time.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, Individual Defendants, following entry of an appropriate protective order, will produce non-privileged, responsive documents within its possession, custody, or control that it locates following a reasonable search.

**REQUEST NO. 29:**

All documents relating to communications between You and any other person or entity relating to the research, development, design, structure, function, operation, or implementation of any Vector Flow product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 29:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v.*

*Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to the claims and defenses at issue in this litigation to the extent it seeks documents pertaining to Vector Flow products other than the Accused Product(s), subject to Individual Defendants' objection to that term as defined by Plaintiff.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 30:**

All documents relating to communications with customers, potential customers, consumers, and/or end users relating to any Accused Product, including without limitation complaints, help requests, comments, and communications relating to technical support.

**SPECIFIC OBJECTIONS TO REQUEST NO. 30:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining*

*discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to the claims and defenses at issue in this litigation.   In particular, it is not clear what relevance, if any, documents pertaining to "complaints, help requests, comments, and communications relating to technical support" have to the claims at issue in this litigation.

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.   In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.   To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged,

responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 31:**

All documents relating to communications with customers and/or potential customers relating to sales or potential sales of any Accused Product, including without limitation all requests, requests for proposal, requests for quotation, specifications, sales negotiations, bids, offers, proposals, meetings, customer lists, potential customer lists, top prospect lists, customer files, and pricing information.

**SPECIFIC OBJECTIONS TO REQUEST NO. 31:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 32:**

All documents and things relating to any conferences, exhibitions, conventions, or trade shows at which any Accused Product has been discussed, referred to, advertised, displayed, demonstrated, run, operated, or shown, including without limitation advertisements, brochures, articles, pamphlets, price lists, product specifications, product packaging, and other promotional,

marketing, or presentation materials.

**SPECIFIC OBJECTIONS TO REQUEST NO. 32:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object to this Request to the extent it seeks information not within Individual Defendants' possession, custody, or control. For example, this Request purports to seek documents and things relating to "conferences . . . at which any Accused Product has been discussed," regardless of whether Individual Defendants participated in or were responsible for said discussion.

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the

"products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 33:**

All documents concerning any advertisements, brochures, articles, pamphlets, price lists, product specifications, product packaging, and other promotional, marketing, or presentation materials referring or relating to any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 33:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation

omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Individual Defendants object to this Request to the extent it seeks information not within Individual Defendants' possession, custody, or control.  For example, this Request purports to seek "[a]ll documents . . . referring or relating to any Accused Product," regardless of whether Individual Defendants were responsible for creating or disseminating said documents.

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any

Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, Individual Defendants, following entry of an appropriate protective order, will produce non-privileged, responsive documents that do not contain confidential or proprietary information regarding Vector Flow products that are within Individual Defendants' possession, custody, or control, and that Individual Defendants locate following a reasonable search. Regarding the production of documents containing or reflecting confidential or proprietary information regarding Vector Flow products, Individual Defendants are willing to meet and confer concerning this Request after HID has identified its trade secrets with reasonable particularity.

**REQUEST NO. 34:**

All documents concerning any training materials relating to any Accused Product, including without limitation technical training materials, marketing training materials, and sales training materials.

**SPECIFIC OBJECTIONS TO REQUEST NO. 34:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja*

*Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is rendered vague and ambiguous by its use of the undefined phrase "training materials." Individual Defendants further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because the information sought is not relevant to any of the claims and defenses at issue in this litigation.

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST NO. 35:**

All documents relating to sales meetings, seminars, workshops, field sales reports, sales reports, marketing efforts, or third-party development efforts relating to any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 35:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is vague and ambiguous with respect to the undefined phrases "field sales reports" and "third-party development efforts."

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure

pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 36:**

All documents relating to financial data regarding the use, license, and/or sale of all Quantum Secure's products, including but not limited to the product formerly known as Quantum Secure SAFE.

**SPECIFIC OBJECTIONS TO REQUEST NO. 36:**

Individual Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this litigation, because the information sought is irrelevant to the claims and defenses at issue in this litigation.  Individual Defendants further object that the information sought by way of this Request is within Plaintiff's possession, custody, or control or else equally accessible by Plaintiff, which bought Quantum Secure in 2015. To the extent Plaintiff

seeks documents relating to the use, license, and/or sale of products that it owns, controls, licenses or sells, those documents are neither relevant nor proportional to the needs of the case.

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents within their possession, custody, or control that it locates following a reasonable search.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and tangible things that identify the persons or entities who purchased or agreed to purchase any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 37:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v.*

*Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is duplicative of at least Plaintiff's Requests Nos. 30 and 31.

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 38:**

All documents relating to past, present, or future sales or marketing for any Accused Product, including without limitation all market projections and market projection models, projected market penetration and market share studies, market growth both projected and actual, market surveys, customer satisfaction surveys, competitive position analyses.

**SPECIFIC OBJECTIONS TO REQUEST NO. 38:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is rendered vague and ambiguous by its use of the undefined phrases "future sales or marketing," "market projections," "market projection models," and "competitive position analyses."

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and tangible things relating to the conception of any of the intellectual property embodied in each Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 39:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is rendered vague and ambiguous by its use of the undefined term "intellectual property."  Individual Defendants further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek documents relating to the conception of intellectual property not at issue in this case.

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure

pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and tangible things relating to publications, manuscripts, papers, abstracts, posters, presentations, speeches, webinars, blogs, or technical writings, whether published or not, that were authored in whole or in part by You concerning any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 40:**

Individual Defendants object to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja*

*Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents that do not contain confidential or proprietary information regarding Vector Flow products that are within Individual Defendants' possession, custody, or control, and that Individual Defendants locate following a reasonable search. Regarding the production of documents containing or reflecting confidential or proprietary information regarding Vector Flow products, Individual Defendants are willing to meet

and confer concerning this Request after HID has identified its trade secrets with reasonable particularity.

**REQUEST FOR PRODUCTION NO. 41:**

All documents concerning any licenses, agreements of forbearance, agreements of nonassertion, covenants not to sue or other agreements between You and any other person granting any rights relating, in whole or in part, to any technology, intellectual property, invention, or method associated with any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 41:**

Individual Defendants object to this Request because it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case because this Request purports to seek "[a]ll documents concerning licenses . . . to any technology, intellectual property, invention, or

method associated with any Accused Product," regardless of whether the technology, intellectual property, invention, or method in question is relevant to the claims or defenses at issue in this litigation.

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to communications or negotiations of any licenses, agreements of forbearance, agreements of non-assertion, covenants not to sue or other agreements between You and any other person granting any rights relating, in whole or in part, to any technology, intellectual property, invention, or method associated with any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 42:**

Individual Defendants object to this Request because it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case.  In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor.  To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

Individual Defendants further object that this Request is duplicative of Plaintiff's Request No. 41. Individual Defendants further object that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case because this Request purports to seek "[a]ll documents concerning licenses . . . to any technology, intellectual property, invention, or method associated with any Accused Product," regardless of whether the technology, intellectual property, invention, or method in question is relevant to the claims or defenses at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 43:**

All documents concerning any invention disclosures relating to any and all patents with You listed as an inventor, filed by or on behalf of, or issued to You.

**SPECIFIC OBJECTIONS TO REQUEST NO. 43:**

Individual Defendants object to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were

misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is rendered vague and ambiguous by its use of the undefined phrase "invention disclosures." Individual Defendants further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to request documents pertaining to patents other than the Asserted Patents. Individual Defendants further object that this Request seeks information that is within Plaintiff's possession, custody, or control, or is publicly available and therefore equally accessible to Plaintiff.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents referencing, mentioning or discussing the patenting of any inventions by You.

**SPECIFIC OBJECTIONS TO REQUEST NO. 44:**

Individual Defendants object to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object that this Request is duplicative of Plaintiff's Request No. 43. Individual Defendants further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to request documents pertaining to patents other than the Asserted Patents.  Individual Defendants further object that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents referencing, mentioning or discussing the patenting of any inventions" regardless of whether those documents are relevant to the claims and defenses at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged,

responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning any communications between You and any third parties concerning patents having You listed as an inventor, applied for by You or on Your behalf or patents issued to or owned by You.

**SPECIFIC OBJECTIONS TO REQUEST NO. 45:**

Individual Defendants object to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object that this Request is duplicative of Plaintiff's Request No. 43. Individual Defendants further object that this Request is overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it purports to request documents pertaining to patents other than the Asserted Patents.  Individual Defendants further object that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents . . . concerning patents having You listed as an inventor" regardless of whether those documents are relevant to the claims and defenses at issue in this litigation.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 46:**

All documents relating to all licensing and other agreements between You and any third party that mention one or more of Your patents or patent applications.

**SPECIFIC OBJECTIONS TO REQUEST NO. 46:**

Individual Defendants object to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants.  *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja*

*Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object that this Request is duplicative of Plaintiff's Requests No. 42 and 43. Individual Defendants further object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to request documents pertaining to patents other than the Asserted Patents. Individual Defendants further object that this Request is substantially overbroad, unduly burdensome, and not proportional to the needs because it seeks information concerning "other agreements . . . that mention one or more of Your patents or patent applications" regardless of whether those agreements are relevant to the claims and defenses at issue in this litigation. Individual Defendants further object that this Request seeks information within Plaintiff's possession, custody, and control, particularly as this Request relates to the Asserted Patents.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 47:**

All documents related to the Asserted Patents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 47:**

Individual Defendants object to this Request as being substantially overbroad, not proportional to the needs of the case, and as not related to the claims and defenses at issue in this litigation.  Specifically, this Request is not reasonably limited in scope because it seeks "[a]ll documents related to the Asserted Patents," regardless of whether those documents are relevant to the claims and defenses at issue in this litigation.  Individual Defendants further object that this Request fails to specify with reasonable particularity the documents that are to be searched and produced.

Individual Defendants further object to this Request to the extent it seeks communications that are not in Individual Defendants' possession, custody, or control, or are equally within Plaintiff's possession, custody, or control.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and tangible things relating to any communications with any third party concerning HID, the Asserted Patents, or this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 48:**

Individual Defendants object to this Request on grounds that it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with

reasonable particularity any trade secrets that were allegedly misappropriated by Individual

Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447

(Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining*

*discovery of confidential proprietary information of its adversary*, the trade secrets it claims were

misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation

omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja*

*Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade

secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v.*

*Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve

its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object to this Request as being substantially overbroad, not

proportional to the needs of the case, and as not related to the claims and defenses at issue in this

litigation.  Specifically, this Request is not reasonably limited in scope because it seeks "[a]ll

documents and tangible things . . . concerning HID [or] the Asserted Patents," regardless of

whether those documents are relevant to the claims and defenses at issue in this litigation.

Individual Defendants further object that this Request seeks information protected by the attorney-

client privilege and the work product doctrine.  Individual Defendants construe the Request as not

seeking such information, and will not provide such information in response.

Individual Defendants further object that this Request seeks information protected by the

attorney-client privilege and the work product doctrine.  Individual Defendants construe the

Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and

without waiving its objections, Individual Defendants will only produce relevant, non-privileged,

responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 49:**

All documents relating to indemnification, any offer to indemnify, or any request for indemnification relating to this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 49:**

Individual Defendants further object that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Individual Defendants construe the Request as not seeking such information, and will not provide such information in response.

Individual Defendants further object that the Request is vague, ambiguous, and undefined because it fails to specify which entity, if any, is the subject of the purported indemnification agreements or offers to be searched for and produced. Individual Defendants further object that this Request is unduly burdensome and not proportional to the needs of the litigation because it seeks production of material that is irrelevant to the claims and defenses at issue in this litigation.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents within their possession, custody, or control that they locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 50:**

All documents, including without limitation agendas, minutes, and notes, regarding any meetings or presentations relating, at least in part, to discussing HID or the Asserted Patents.

**SPECIFIC OBJECTIONS TO REQUEST NO. 50:**

Individual Defendants object to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object that this request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent it seeks "all documents . . . discussing HID," regardless of whether those documents pertain to the claims and defenses at issue in this litigation.  Individual Defendants further object that this Request seeks documents within Plaintiff's possession, custody, or control.  For example, this Request is not limited in time, and therefore purports to encompass documents created during Individual Defendants' tenure at HID. Individual Defendants further object that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Individual Defendants construe the Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 51:**

All documents relating to the value of any HID or Vector Flow patents, intellectual property rights, or technology.

**SPECIFIC OBJECTIONS TO REQUEST NO. 51:**

Individual Defendants object to this Request to the extent it seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants object that this request is substantially overbroad, unduly

burdensome, and not proportional to the needs of the case, particularly to the extent it seeks "documents relating to the value of any . . . patents, intellectual property rights, or technology" regardless of whether those documents, or the intellectual property to which they relate, pertain to the claims and defenses at issue in this litigation.  Individual Defendants further object that this Request seeks documents within Plaintiff's possession, custody, or control.  For example, this Request is not limited in time, and therefore purports to encompass documents created during Individual Defendants' tenure at HID. Individual Defendants further object that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Individual Defendants construe the Request as not seeking such information, and will not provide such information in response.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 52:**

All documents relating to any comparison or competitive analysis of any product made or sold by HID with any Accused Product.

**SPECIFIC OBJECTIONS TO REQUEST NO. 52:**

Individual Defendants object that this Request seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants.  *See,*

*e.g.*, *SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Individual Defendants object to the definition of "Accused Product(s)" as vague, ambiguous, overbroad, unreasonable, not proportional to the needs of the case, and not related to the claims at issue in this case. In particular, Plaintiff's definition refers to a litany of "products and/or services relating to . . . software and solutions" that are defined to be broader than the "products and/or solutions identified in Plaintiff's Complaint or its May 19, 2022 Disclosure pursuant to Paragraph 7(a) of the Parties' Scheduling Order and improperly seeks confidential and/or trade secret information from a competitor. To the extent Plaintiff seeks discovery into any Defendant's "products and/or services" that are not alleged to be at issue in the Complaint, such discovery is not relevant to the parties' claims or defenses nor proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged,

responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 53:**

All documents that relate to Your efforts to reverse engineer any competitor's identity management product, service, or component thereof, including identity management products or services systems sold or offered for sale by HID.

**SPECIFIC OBJECTIONS TO REQUEST NO. 53:**

Individual Defendants object that this Request seeks disclosure of Vector Flow and Individual Defendants' confidential information and Plaintiff has not yet identified with reasonable particularity any trade secrets that were allegedly misappropriated by Individual Defendants. *See, e.g., SmithKline Beecham Pharm. Co. v. Merck & Co., Inc.*, 766 A.2d 442, 447 (Del. 2000) ("In cases involving trade secrets, the plaintiff is required to disclose, *before obtaining discovery of confidential proprietary information of its adversary*, the trade secrets it claims were misappropriated," and must identify the trade secrets with "reasonable particularity.") (citation omitted and emphasis added); Discovery Order at 1 (D.I. 73), *Flexible Techs., Inc. v. SharkNinja Operating, LLC*, No. 18-348 (CFC) (D. Del. May 5, 2019) (ordering plaintiff to "describe the trade secrets . . . with the reasonable particularity that is required by law"); *Auromedics Pharma LLC v. Ingenus Pharm., LLC*, No. 20-1235-CFC-JLH (D. Del. Apr. 23, 2021) (requiring plaintiff to serve its initial identification of trade secrets within a week after entry of scheduling order).

Individual Defendants further object that this Request is rendered vague and ambiguous by its use of the undefined phrase "reverse engineer." The Individual Defendants further object that

Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of these General Objections and Specific Objections, and subject to and without waiving its objections, Individual Defendants will only produce relevant, non-privileged, responsive documents that are in their possession, custody, or control, and that they locate following a reasonable search after HID identifies its trade secrets with reasonable particularity and Individual Defendants' objections to this Request are resolved. Individual Defendants are willing to meet and confer regarding the proper scope of the Request.

**REQUEST FOR PRODUCTION NO. 54:**

Produce for inspection each HID identity management product or system that You have tested, analyzed, modified or reverse engineered in whole or in part.

**SPECIFIC OBJECTIONS TO REQUEST NO. 54:**

Individual Defendants object that this Request seeks information not within Defendants' possession, custody, or control.  Individual Defendants further object that this Request is rendered vague and ambiguous, particularly because this Request is not limited by time.  For example, this Request would purport to require Individual Defendants to produce HID identity management products or systems that they tested, analyzed, or modified in their prior capacities as HID employees.

The Individual Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, including to the extent that it seeks the information regarding the products or systems that Individual Defendants worked on while they were employed by HID.  Individual Defendants further object to the extent this

Request seeks documents not within Individual Defendants' possession, custody, or control, and that are equally in the possession, custody, or control of HID.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents that are within Individual Defendants' possession, custody, or control, and that Individual Defendants locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 55:**

All documents relating to this litigation, including without limitation all documents relating to communications relating to this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 55:**

Individual Defendants object that this request is unreasonable, unintelligible, overly broad, unduly burdensome, and not proportional to the needs of this case. Individual Defendants further object that this Request fails to specify with reasonable particularity the category of items to be produced, specifically, what "documents relating to communications" it requests. Individual Defendants further object that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Individual Defendants construe the Request as not seeking such information, and will not provide such information in response.

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual

- 76 -

Defendants will produce relevant, non-privileged, responsive documents that are within Individual Defendants' possession, custody, or control, and that Individual Defendants locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 56:**

All documents relating to any defense, affirmative defense, or counterclaim raised by You in this matter.

**SPECIFIC OBJECTIONS TO REQUEST NO. 56:**

Individual Defendants object to this Request as premature and irrelevant because the Individual Defendants have not yet answered the complaint. Individual Defendants object that this Request fails to specify with reasonable particularity the category of items to be produced. Individual Defendants further object that this Request seeks information protected by the attorney-client privilege and the work product doctrine. Individual Defendants construe the Request as not seeking such information, and will not provide such information in response.

The Individual Defendants further object that Plaintiff's request for "All documents" relating to the requested subject matter is overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents that are within Individual Defendants' possession, custody, or control, and that Individual Defendants locate following a reasonable search. Individual Defendants reserve the right to amend or supplement their responses at an appropriate time in the future.

**REQUEST FOR PRODUCTION NO. 57:**

To the extent not otherwise requested, all documents and things You intend to offer or believes may be offered as evidence in this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 57:**

Individual Defendants object to this Request as premature and irrelevant because Individual Defendants are not yet required to identify what they intend to offer as evidence in this litigation.  Individual Defendants will disclose any such documents and things within the time period provided by the Federal Rules and any applicable court order.

Individual Defendants object that this Request fails to specify with reasonable particularity the category of items to be produced.  Individual Defendants further object that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Individual Defendants construe the Request as not seeking such information, and will not provide such information in response.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents that are within Individual Defendants' possession, custody, or control, and that Individual Defendants locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and things referenced or relied upon in forming a response to the Complaint or to any interrogatory, request for admission, or request for production served on You in this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 58:**

Individual Defendants object that this Request fails to specify with reasonable particularity the category of items to be produced.  Individual Defendants further object to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or is publicly available such that it is equally accessible to Plaintiff. Individual Defendants further object that this Request seeks information protected by the attorney-client privilege and the work product doctrine.  Individual Defendants construe the Request as not seeking such information, and will not provide such information in response.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following the entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents that are within Individual Defendants' possession, custody, or control, and that Individual Defendants locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 59:**

All documents produced to You pursuant to a subpoena in this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 59:**

Individual Defendants object to this Request as vague and ambiguous because it does not define "subpoena" and to the extent it seeks information that is not relevant nor proportional to the needs of this case. Individual Defendants interpret and will construe "subpoena" to refer to a Rule 45 subpoena issued by Individual Defendants in connection with this litigation.

Subject to and without waiving the General Responses and Objections set forth above, following entry of an appropriate protective order, Individual Defendants will produce relevant,

non-privileged, responsive documents that are within Individual Defendants' possession, custody, or control, and that Individual Defendants locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 60:**

All documents identified in, referred to, or relied on in drafting Your Fed. R. Civ. P. 26(a)(1) initial disclosures.

**SPECIFIC OBJECTIONS TO REQUEST NO. 60:**

Individual Defendants object to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or is publicly available such that it is equally accessible to Plaintiff. Individual Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine. Individual Defendants construe the Request as not seeking such information, and will not provide such information in response.

Individual Defendants object to this Request as premature and irrelevant because initial disclosures have not been exchanged.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, following entry of an appropriate protective order, Individual Defendants will produce relevant, non-privileged, responsive documents that are within Individual Defendants' possession, custody, or control, and that Individual Defendants locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 61:**

Any keys, codes, explanations, manuals, and any other documents and/or things necessary to interpret or understand any document produced by You in this litigation.

**SPECIFIC OBJECTIONS TO REQUEST NO. 61:**

Individual Defendants object to this Request to the extent it seeks information within Plaintiff's possession, custody, or control, or is publicly available such that it is equally accessible to Plaintiff. Individual Defendants further object that this request is vague and ambiguous, particularly to the extent it requires Defendant to make a subjective determination about what is "necessary to interpret or understand any document" produced by Individual Defendants in this litigation.

Subject to and without waiving these specific objections and the General Responses and Objections set forth above, Individual Defendants will endeavor to produce non-privileged, responsive documents that are within Individual Defendants' possession, custody, or control, and that Individual Defendants locate following a reasonable search.  To the extent Plaintiff believes that are specific documents that require "keys, codes, explanations, [or] manuals" to be interpreted or understood, Individual Defendants invite Plaintiff to meet and confer in order to discuss Plaintiff's concerns.

OF COUNSEL:

Adam S. Gershenson
Julianne Landsvik
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
(617) 937-2300
agershenson@cooley.com
jlandsvik@cooley.com

Heidi Keefe
Lowell Mead
Mark Weinstein
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000
hkeefe@cooley.com
lmead@cooley.com
mweinstein@cooley.com

Angeline X. Chen
COOLEY LLP
55 Hudson Yards
New York, NY  10001-2157
(212) 479-6000
axchen@cooley.com

Dated:  May 23, 2022

*/s/ Nicole K. Pedi*
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
pedi@rlf.com

*Attorneys for Defendants Vector Flow, Inc.,
Ajay Jain, Vikrant Ghai, and Shailendra
Sharma.*

- 82 -

## CERTIFICATE OF SERVICE

I, Nicole K. Pedi, hereby certify that on May 23, 2022, copies of the foregoing were caused

to be served upon the following in the manner indicated:

Jack B. Blumenfeld                                          *VIA ELECTRONIC MAIL*
Jennifer Ying
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market St.
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Plaintiff*

Marc J. Pensabene                                          *VIA ELECTRONIC MAIL*
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
*Attorney for Plaintiff*

David R. Eberhart                                          *VIA ELECTRONIC MAIL*
Sorin G. Zaharia
Betelhem Gedlu
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
*Attorneys for Plaintiff*

Eric Amdursky                                             *VIA ELECTRONIC MAIL*
Patrick Nack-Lehman
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
*Attorneys for Plaintiff*

                                    /s/ *Nicole K. Pedi*
                                    Nicole K. Pedi (#6236)