IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HID GLOBAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-1769 (GBW) |
| ) | (CONSOLIDATED) |
| VECTOR FLOW, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OPENING LETTER BRIEF IN SUPPORT OF ITS MOTION FOR
<u>LEAVE TO FILE AN AMENDED COMPLAINT</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
OF COUNSEL:                             jying@morrisnichols.com

Jason C. White                          *Attorneys for Plaintiff HID Global Corporation*
Scott D. Sherwin
James J. Kritsas
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606-1511
(312) 324-1000

Natalie A. Bennett
Calvin M. Brien
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
(202) 739-3000

November 17, 2022

Plaintiff HID Global Corporation ("HID" or "Plaintiff") respectfully requests leave to amend its complaint in this consolidated action against Vector Flow, Inc. ("Vector Flow") and the Individual Defendants Ajay Gain, Vikrant Ghai, and Shailendra Sharma (collectively, "the Individual Defendants"). The Proposed Amended Complaint ("PAC")[1] combines the complaint against the Individual Defendants (originally filed in the Southern District of New York, *see* D.I. 9) and the complaint against Vector Flow (D.I. 1) into one combined complaint and adds two new causes of action for breach of fiduciary duty against two existing defendants, Messers. Ghai and Sharma. The two new breach of fiduciary duty claims arise of out Plaintiff's ongoing factual investigation during the course of discovery, and HID's motion is timely.

## I. Relevant Factual Background

HID is a worldwide leader in trusted identity solutions and has developed first-in-class software that ensures access to its customers' physical and digital assets remains secure. (PAC ¶ 3.) In 2015, HID acquired Quantum Secure, Inc. ("Quantum Secure"), acquiring Quantum Secure's patents, trade secrets, and Confidential Information. (*Id.* ¶¶ 2, 4.) The Individual Defendants were high-level executives of and substantial equity holders in Quantum Secure. *Id.* ¶ 25. They each received multi-million payments as a result of the acquisition but also entered into five-year Non-Competition and Non-Solicitation Agreements. (*Id.* ¶ 4.) Three years after the acquisition, Jain and Ghai left HID, and in 2019, and they co-founded Vector Flow, a competing company, using the same titles they had at Quantum Secure. (*Id.* ¶ 6.) Meanwhile, Sharma remained at HID with access to HID's Proprietary and Confidential Information where he coordinated with Jain and/or Ghai to develop Vector Flow's Accused Products. *Id.* Aspects of Vector Flow's source code were unlawfully derived from HID's source code, and Vector Flow began soliciting HID's employees, consultants, and customers. (*Id.* ¶¶ 6, 9, 42, 169.) The Individual Defendants' multi-year scheme to profit from HID's acquisition of their former Quantum Secure and then from their new company's misuse of HID's Proprietary Information has caused substantial and irreparable harm to HID. (*Id.* ¶ 2.)

HID filed a complaint for patent infringement and trade secret misappropriation against Vector Flow in this Court (D.I. 1), and a complaint for trade secret misappropriation and breach of contract against the Individual Defendants the Southern District of New York (*see* D.I. 9). The SDNY case was transferred to Delaware, and the cases were consolidated by agreement of the parties. D.I. 9. Defendants moved to dismiss the complaint. D.I. 10. A scheduling order was entered by Judge Hall on June 24, 2022 (D.I. 54), and the parties recently submitted a disputed proposed amended scheduling order (D.I. 101). Under the scheduling orders, the deadline for amendment of pleadings is November 17, 2022 (D.I. 54 ¶ 2, D.I. 101 ¶ 2).

As discovery has unfolded, HID has discovered further wrongful conduct by Sharma and Ghai. Based on newly-discovered facts concerning Sharma's continued employment at HID with access to HID's source code alongside HID's discovery of the coincided development of Vector Flow's source code, Plaintiff now seeks to add an additional claim for breach of fiduciary duty against Sharma. (PAC ¶¶ 35–37, 41, 67–85, 93–96, 182–97.) Based on additional newly-discovered facts concerning another feature Vector Flow markets to customers—a risks analytics feature— HID seeks to an additional claim for breach of fiduciary duty against Ghai, who while

---

[1] A copy of the proposed Amended Complaint is attached as Exhibit 1 to the Motion (D.I. 104).

...

at HID was entrusted with HID's development of its risks analytics feature, which required intense amount of resources and years to develop yet Vector Flow was able to bring to market in an unrealistic amount of time. (*Id.* ¶¶ 3,7, 8, 38, 44, 86–92, 97–98, 173–81.)

HID reached out to Defendants on November 14, 2022 and provided a draft of the PAC in advance of the November 17 deadline. Despite HID's repeated requests for a meet and confer, and its willingness to jointly agree to extend the deadline to November 23, 2022, Defendants have repeatedly refused to provide any availability to meet and confer this week or even next week. Instead, Defendants have indicated they are unable to meet and confer for over two weeks, until the week of November 28, 2022. As HID explained to Defendants, HID is concerned about delay of resolution of this motion and discovery in this case, and does not believe that good cause exists to extend the deadline out to December. In view of the pleading amendment deadline and the parties' inability to agree on an extension date, HID has filed this motion out of an abundance of caution. As HID previously told Defendants, HID remains willing and available to meet and confer tomorrow or next week.

## II.     Argument

Rule 15 states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 520 (D. Del. 2010) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). As a result of this "liberal policy" favoring the amendment of pleadings, "leave to amend should ordinarily be permitted absent a showing of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, or futility of the amendment." *Sepracor Inc. v. Dey L.P.*, 2010 WL 2802611, at *1 (D. Del. July 15, 2010).

Here, leave should be granted because there is no undue delay, bad faith, dilatory motive, or unfair prejudice associated with the proposed amendment. Further, the proposed amendment is not futile. In addition to consolidating the two complaints, the PAC adds factual allegations surrounding Sharma's and Ghai's disloyal conduct toward HID that enabled Vector Flow to bring to market competing products faster than would have been possible in the absence of the alleged disloyal activities.

## III.    HID's Motion is Timely and There Is No Undue Delay or Unfair Prejudice

Courts in this District have held that when a motion for leave is filed within the timeframe set forth in the Scheduling Order, "there can be no unfair prejudice to defendant." *Butamax Adv. Biofuels, LLC v. Gevo, Inc.,* 2012 WL 2365905, at *2 (D. Del. June 21, 2012); *see also Invasas Corp. v. Renesas Elecs. Corp.,* 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013) (granting motion filed on the last day to amend pleadings, noting that "[t]he fact that the Motion was filed within this deadline, one agreed to by both parties, strongly supports a conclusion that the amendment was not untimely filed (and, relatedly, that its filing will not work to unfairly prejudice [defendant]"); *Bos. Sci. Corp. v. Edwards Lifesciences Corp.,* 2017 WL 781046, at *2 (D. Del. Feb. 28, 2017) (finding no undue delay and no unfair prejudice in permitting motion for leave to amend pleading on the last day to amend under in the scheduling order).

Here, the Scheduling Order provides that the deadline for amendment of pleadings is November 17, 2022. (D.I. 54 ¶ 2; *see also* D.I. 101, ¶ 2.) HID's motion is thus timely, and HID has not unduly delayed in bringing it. Nor will Defendants be unfairly prejudiced. Discovery is ongoing and is not scheduled to be completed until mid-2023 (either May 2023 or July 2023 under the parties' competing proposals. (*See* D.I. 101, ¶ 4(a)). The parties are still negotiating custodians and ESI protocols for production of email discovery, and no fact depositions have been scheduled.

## IV.    The Proposed Amended Complaint Is Not Futile

To state a claim, a complaint need allege only "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and quotation marks omitted). The plausibility standard "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *W. Penn Allegheny Health Sys. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (citation and quotation marks omitted). The PAC is not futile because its new allegations plausibly state a claim for breach of fiduciary duty against both Messers. Sharma and Ghai.

"To plead a claim for breach of fiduciary duty, a Plaintiff must plausibly allege: (1) that a fiduciary duty existed and (2) that the defendant breached that duty." *ZRii, LLC v. Wellness Acquisition Grp., Inc.*, C.A. No. 4374-VCP, 2009 WL 2998169, at *11 (Del. Ch. Sept. 21, 2009). "As with corporate fiduciaries, such as officers and directors, key managerial personnel owe fiduciary duties of good faith, loyalty, and fair dealing to their company." *Mitchell Lane Publishers, Inc. v. Rasemas*, C.A. No. 9144-VCN, 2014 WL 4925150, at *4 (Del. Ch. Sept. 30, 2014). Key managerial personnel owe a duty to their employer to not "put himself in a position antagonistic" to his employer "concerning the subject matter of his agency." *Sci. Accessories Corp. v. Summagraphics Corp.*, 425 A.2d 957, 962 (Del. 1980). "[W]here an agent represents a principal in a matter where the agent is provided with confidential information to be used for the purposes of the principal, a fiduciary relationship may arise," and "[u]nder Delaware law, it is a breach of fiduciary duty to take confidential information learned from one's former employer and to use it to then compete against that former employer." *Alsco, Inc. v. Premier Outsourcing Plus, LLC*, C.A. No. 19-1631-CFC, 2020 WL 4209192, at *4 (D. Del. July 22, 2020), *report and recommendation adopted*, 2020 WL 4501921 (D. Del. Aug. 5, 2020).

The PAC sufficiently pleads that Mr. Sharma, VP of Engineering and R&D who had access to HID's Confidential Information, owed HID a duty of loyalty to act in the best interests of the company over his own pecuniary gain or that of Vector Flow's and to use HID's Confidential Information in a manner consistent with HID's interests. PAC ¶¶ 6, 28, 32, 35-37, 40, 41, 67, 93-96, 183–85. Mr. Sharma's disloyal acts during the course of his employment with HID helped Vector Flow gain an unlawful head start in the market to compete against HID. PAC ¶ 40-41. In an unrelated set of disloyal acts, Mr. Ghai, who served as HID's CTO and VP of Products, had access to HID's risk analytics feature. He breached his duty to HID by using HID's Confidential Information to help Vector Flow gain an unlawful head start in the market to compete against HID. PAC ¶ 8, 32, 35, 40-41, 44, 86-92, 93-98. Accordingly, HID has sufficiently pled both the existence of a duty fiduciary duty for each of the two defendants, and breach of those duties.

In view of the foregoing, HID respectfully requests that the Court grant its Motion.

3

        Respectfully,

        */s/ Jennifer Ying*

        Jennifer Ying (#5550)

JY/lo
cc: Clerk of the Court (via hand delivery)
   All Counsel of Record (via CM/ECF and e-mail)

4