IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HID GLOBAL CORPORATION,           )
                                  )
            Plaintiff,            )
                                  )
      v.                          )      C.A. No. 21-1769 (GBW)
                                  )      (CONSOLIDATED)
VECTOR FLOW, INC.,                )
                                  )
            Defendant.            )

**STIPULATION AND [PROPOSED] PROTOCOL REGARDING
PRODUCTION OF CUSTODIAL EMAIL DATA**

IT IS HEREBY STIPULATED AND AGREED by the parties, subject to the approval of

the Court, that the following terms and procedures shall apply to the parties' collection, review,

and production of email in this litigation (the "Agreement"):

1.      The Parties have each identified individuals pursuant to Rule 26(a)(1) that are likely

to have discoverable information that each side may use to support its claims and/or defenses in

this action.  The parties agree that the eleven (11) individuals identified by HID on September 27,

2022 and the eleven (11) individuals identified by Defendants on August 16, 2022, as well as the

four (4) additional agreed custodians identified by each party in the parties' November 10, 2022

draft protocol will serve as the set of prospective email document custodians.

2.      After the filing of this Agreement controlling the means of exchanging email

custodial data, and at a date and time agreed to once both parties have determined the requisite

information, each side must disclose to the other side the date ranges for which it has email in its

possession, custody, and control (PCC) for each prospective email custodian, as well as the relative

volume of emails for each prospective email custodian (e.g., in MB/GB per prospective email

custodian prior to processing), which shall also include identifying any prospective email

custodian for whom the disclosing party lacks PCC over the email of the identified custodian's

email ("Initial Custodial Information Exchange").  Within two (2) days of the Initial Custodial Information Exchange, each party shall identify no more than twelve (12) custodians from the prospective email custodians to serve as the email custodians for purposes of this Agreement (hereinafter "email custodians").

3.     For purposes of this Agreement, a "Search Term" may consist of a single word or phrase, or variants of a single word or phrase (such as those that have alternate suffixes or prefixes but relate to the same root or different spellings of the same word), and may be accompanied by terms intended to limit the search results via narrowing criteria (such as "AND" or "W/X"). Individual words or phrases separated only by a disjunctive term that broadens the search (such as "OR") will be considered separate Search Terms unless the words or phrases are variants of each other.

4.     Cognizant of their duties to perform a reasonable search for information responsive to discovery requests, each side will first provide a good faith list of no less than ten (10) Search Terms to be run across the email custodians it affirmatively identified pursuant to this Agreement. There will be no "individualized" Search Terms on a custodian-by-custodian basis unless agreed to by both sides.  In other words, HID will prepare one set of Search Terms for *all* of the HID email custodians and vice versa.

5.     Each side may propose no more than ten (10) additional Search Terms to be run across the email custodians identified under Rule 26(a)(1) by the other side.  In other words, HID may propose no more than ten (10) additional Search Terms to be run across all of Defendants' email custodians and vice versa.  There will be no "individualized" search requests on a custodian-by-custodian basis unless agreed to by both sides.  In other words, HID will prepare one set of requests for *all* of Defendants' email custodians and vice versa.

6.      Each party shall identify the Search Terms to be run across the email custodians it affirmatively identified under Rule 26(a)(1) no later than nine (9) days after the Initial Custodial Information Exchange.  All additional Search Terms will be proposed to the other side no later than eleven (11) days after the Initial Custodial Information Exchange.  Each party will then engage in reasonable testing of proposed Search Terms against the actual custodial email data collected.  If the producing side is unable to accept and objects to any of the proposed Search Terms, it will provide a hit report showing the number of deduplicated documents directly containing the Search Term in dispute, as well as the total number of family members of such deduplicated documents.  If a party objects to a Search Term on the basis of burden, the party issuing the Search Term may also request a report containing the total number of deduplicated documents directly containing any of the party's requested Search Terms, as well as the total number of family members of such deduplicated documents.  After receipt of the hit reports for any objected-to Search Term(s), the parties will meet and confer to resolve any objections.

7.      The parties will meet and confer in good faith on the proposed Search Terms until the list of Search Terms for each side is final.

8.      Once the Search Terms have been agreed upon, the searches will be run across the email custodians.

9.      The mere fact that a document is hit or captured by the application of any agreed upon Search Terms does not mean that such document is necessarily responsive to any propounded discovery request or is otherwise relevant to this litigation.  Determinations of discoverability, responsiveness, and privilege shall be made by the Producing Party with responsive documents withheld on the basis of privilege appropriately logged.

10.    All productions shall be made in accordance with the Production Format set forth in the Joint Stipulation and Order Regarding Modified Default Standard for Discovery, Including Production of Electronic Stored Material (ESI) (D.I. 52).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jennifer Ying
_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Plaintiff HID Global Corporation*

December 2, 2022

RICHARDS, LAYTON & FINGER, P.A.

/s/ Nicole K. Pedi
_____
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
pedi@rlf.com

*Attorneys for Defendants*

SO ORDERED this _____ day of _____, 2022.

_____
J.