IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HID GLOBAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1769 (GBW) |
| | ) | (CONSOLIDATED) |
| | ) | |
| VECTOR FLOW, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

The Court entered an Order assigning me to serve as a special master to hear and decide discovery disputes in this litigation. (D.I. 191). This Order serves to set forth my rulings and/or request for further briefing on certain issues presented by the parties via a Joint Status Report on June 7, 2023.[1] A video teleconference will be held on June 13 at 2:00 p.m. to discuss any issues for which I have asked for further briefing, as well as the alias email discovery dispute. The parties should not plan to argue any issues for which I provide a ruling in this Order.

**Plaintiff's Issue #1: Defendant's Jira Production**

This appears to be another attempt at asking the Court or me to reconsider the rulings to date on the Jira production. To be clear, while at the hearing on May 19, HID argued that I had ordered production of the history tabs and that Vector Flow was in direct violation of a court

---

[1] I note that this status report was requested by me as a result of a number of recent telephone conferences. I asked that the parties not provide position statements, and only include non-argumentative bullet points of the issues. What I received was a 6-page letter containing each side's issues with a paragraph from the party raising the issue. I have also received numerous emails over the course of the last week which I will address by a separate order following a teleconference on June 13. I hereby ask that unless further ordered, the parties not submit or send any further emails or letters.

order, I have gone back and reviewed my order. The order specifically mentions audit logs, but nowhere does the order mention history tabs. Moreover, the order does not require production of Jira tickets with the prefixes/project codes: SAMS2, SOC, BP, GM or TIAA. I have reproduced the language from my order below for clarity.

> . . . [t]he Special Master orders that Vector Flow produce all Jira tickets that: (1) have the prefixes: **"VS," "PIAM," "VF," or "PF,"** and (2) are associated with the 21 identified individuals (and previously ordered by the Court to be produced) in an exportable format with all attachments and metadata related to those tickets that would allow HID to determine the who, what when and why (to the extent it exists). Such production must allow the receiving party to easily correlate the attachments to their related tickets. Vector Flow must also produce **all change logs, comments, system audit logs, and custom fields** related to the Jira tickets returned by the framework above.

S.M. Order re: Jira Tickets (D.I. 210). Also, during the May 19, 2023 teleconference where the parties discussed the audit logs, Vector Flow stated on the record that it had produced what remains in its possession, custody or control. Plaintiff agreed that if that is the case, there is nothing further that I can order Vector Flow to produce regarding the audit logs. While I understand that I did ask Vector Flow to consider producing an export of the Jira cloud site on a voluntary basis, I did not, and will not now ask it to do so. No further briefing on this issue should be provided.

**Plaintiff's Issue #2: Vector Flow Shared and Non-Email Repositories**

This request seeks an order to compel production of certain non-email sources of documents such as an internal Vector Flow shared drive, SharePoint personal folders and/or files, OneDrive files, a Vector Flow wiki and Confluence repository, and other media such as personal USB drives. I have reviewed the ESI order in this case, and it does not appear that these were explicitly excluded and it is unclear whether they were disclosed in the Defendant's

Paragraph 3 disclosures[2]. That said, it is not clear from the Joint Status Report whether the parties have met and conferred on this issue or whether an inquiry was made of Vector Flow requesting that it produce this information following the deposition testimony that alerted HID to these sources. This issue should be included in the letter briefing ordered below once a verbal meet and confer has occurred.

**Plaintiff's Issue #3:  Mr. Steve Baroni**

The identity of Mr. Baroni seems to be recently discovered by HID through deposition testimony. It is unclear from the Joint Status report whether the parties have met and conferred on this issue or whether an inquiry was made of Vector Flow as to whether they will produce Mr. Baroni for deposition and/or produce his documents. This issue should be included in the letter briefing ordered below once a verbal meet and confer has occurred. In the letter briefing, Vector Flow should address when it first learned of Mr. Baroni and his position, whether he has ever been identified in Vector Flow's disclosures or interrogatory responses, and if not, why he was never disclosed to HID.

**Plaintiff's Issue #4: Invalidity Contentions**

Vector Flow served Final Invalidity Contentions on June 2, 2023. While I understand that HID does not agree that these contentions provide adequate notice of the invalidity theories Vector Flow intends to raise at trial, the parties have yet to conduct expert discovery. The record is not yet ripe to issue such a harsh order as one precluding invalidity theories based on lack of notice. Should Vector Flow submit expert reports that HID believes contain theories for which

---

[2] I cannot say at this time whether they were included in the Paragraph 3 disclosures as I do not have copies of them available to me.

Vector Flow's contentions did not provide adequate notice under the case law, it can seek relief from the Court at that time.

**Defendant's Issue #1:  HID Customer Complaint Information**

This issue seeks production of customer complaint information responsive to Request for Production 28 and additional materials discussed by HID witness, Salpi Kralian.  In addition, HID seeks a potential additional deposition once these materials are produced.  It appears from the Joint Status Report that a spreadsheet was produced by HID on May 15th that purports to be customer support tickets.  I would like Vector Flow to address in the briefing why the current production is insufficient, what other documents it believes are missing from HID's production, and why those missing documents are responsive to the request.  Also, Vector Flow should include a copy of the spreadsheet as an exhibit to its letter.  To the extent that HID intend argues that it has produced all information responsive to this request, it should provide citations to the Bates ranges where responsive documents can be found, and provide examples of those as exhibits to its responsive letter.  As to the documents discussed by Salpi Kralian, Vector Flow should also include this in its opening letter brief.  In particular, please provide the relevant deposition testimony excerpts and the request for production(s) to which these documents are responsive.  Please also include a copy of HID's June 6 letter referenced in the status report.

**Defendant's Issue: #2:  Supplemental Interrogatory Response for Interrogatory No. 22 (Customer Complaint Information) & Defendant's Issue #3: Additional Supplemental Interrogatory Responses (Interrogatory Nos. 24 and 28)**

Issue number 2 seeks to compel HID to provide a complete response to Interrogatory No. 22 which is directed at customer information.  Issue number 3 seeks to compel HID to provide complete responses to Interrogatory Nos. 24 and 28 which are directed at competing products in any market and an element-by-element description of how HID SAFE performs the steps of the

Asserted Patents (or otherwise state that it will not be arguing that SAFE practices the asserted claims of the patents-in-suit), respectively.  It is not clear whether there has been any further meeting and conferring on these interrogatory responses.  That said, I do not know if I have available to me the most up to date responses and any correspondence related to these topics.  The parties should include these issues in the letter brief described below.

**Defendant's Issue #4:   30(b)(6) Deposition Testimony Topics**

This issue seeks a 30(b)(6) witness to testify concerning five topics (103, 104, 106, 107 and 108) set forth in Vector Flow's May 22, 2023 30(b)(6) notice.  I do not have a copy of that notice, nor HID's objections to that notice to issue a ruling on this issue currently.  To the extent the parties cannot reach agreement and HID refuses to produce a witness, this issue should be included in the letter briefing.

**Defendant's Issue #5:  Source Code Git Commit History**

This issue seeks production of HID's full git commit history based on HID's recent supplementation to its trade secret contentions that rely on HID git commits.  So that I can fully understand this issue, and in particular, why HID, if relying on this information in its interrogatory and/or contention responses, has not already produced this information, the parties should include this issue in their letter briefing.

**Defendant's Issue #6: Quick-Peek Compliance**

This issue strikes me as quite a serious one.  I have been ordering the quick production of documents in this case so that the parties may work within the case schedule, but I was explicit that the documents were subject to the Quick-Peek agreement between the parties.  Likewise, during the telephonic hearing on May 19, 2023, I reminded HID's counsel of its obligations under the Quick-Peek. (May 19, 2023 Tr. 53-54).  Based on Defendant's statements it appears

that HID has not confirmed deletion of certain clawed-back documents and have continued to use the information. Due to the seriousness of this issue, I would like this issue included in the letter briefing, including citations to the documents and deposition(s) where they were used, and the parties should include the documents and deposition excerpts as exhibits. HID should make sure to address why it has not yet complied with the agreement and confirmed deletion and why it believes it is appropriate to continue to use the documents despite the claw-back.

**Briefing schedule:** For any issue on which I noted that I would like additional briefing above, the parties shall submit letter briefing as follows:

**Simultaneous Opening Letters** (i.e., HID letter on its issues raised, VF letter on its issues raised): June 10, 2023 by 4:00 p.m. Letters should be no more than 10 pages (single-spaced is fine; all issues should be in this one letter (not multiple 10 page letters)). Where discovery responses are at issue, please include excerpts of the requests and most recent responses as exhibits.

**Simultaneous Responsive Letters**: June 11, 2023 by 6:00 p.m. Letters should be no more than 10 pages (single-spaced). Where discovery responses are at issue, please include excerpts of the requests and most recent responses as exhibits.

      I urge the parties to meet and confer prior to submission of the opening letters to see if any of these issues can be taken off the table as there definitely seems to be room for some compromise as to some of the issues. Should the parties reach an agreement on any of these issues, please just state so in your opening submission.

Please email your submissions to me directly and also send hard copies to my office by Monday morning at 9:00 a.m.

Dated: June 9, 2023                                          */s/ Karen E. Keller*
                                                             Special Master Karen E. Keller, Esq.