IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HID GLOBAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1769 (GBW) |
| | ) | (CONSOLIDATED) |
| | ) | |
| VECTOR FLOW, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

The Court entered an Order assigning me to serve as a special master to hear and decide discovery disputes in this litigation. (D.I. 191). This Memorandum Order addresses three issues that remain outstanding following my teleconference with the parties earlier today concerning several discovery disputes.

**Plaintiff's Issue #1: Shared and Non-Email Repositories**

HID seeks an order compelling Vector Flow to provide an overlay of the metadata of the documents produced by Vector Flow under the "Vector Flow" custodian that indicates the repository and folder location within the repository that these documents came from. HID also seeks an order compelling Vector Flow to produce screenshots of the folder structure of Vector Flow's SharePoint (OneDrive), Confluence, and wikis, and also the personal folder structure for custodian Vik Ghai within the SharePoint/OneDrive repository.

Vector Flow stated in its July 18, 2022 Rule 26 and Paragraph 3 Disclosures that it maintains documents "that may be relevant to this case in various Microsoft Office365 repositories, and in shared drives, applications, or repositories, including Vector Flow's source

code repository." (Def. July 18, 2022 Rule 26 and Paragraph 3 Disclosures at 5.) Various witnesses have confirmed at their depositions that Vector Flow's shared repositories may contain technical, and sales or marketing details of the Accused Products. (Pltf.'s June 9, 2023 letter at 2-3 and Exhs. 6-13). Vector Flow also produced numerous documents that also reference these shared repositories. (*Id.* at 3-4 and Exhs. 14, 21-25.) During the meet and confer process, Vector Flow agreed to produce the SAFE wiki and Confluence repositories. I hereby order that the production of those repositories be complete by June 18, 2023.

Given the upcoming case deadlines and depositions and the potential relevance of this information, and what seems to be a limited burden on Vector Flow, I hereby further order that Vector Flow produce any metadata overlay that is available to be produced for all documents already produced under the "Vector Flow" custodian that indicates the repository and folder location within the repository that these documents came from. I also order Vector Flow to produce screenshots of the folder structure of Vector Flow's SharePoint (OneDrive) and also the personal folder structure for custodian Vik Ghai within the SharePoint/OneDrive repository. Vector Flow should also confirm in writing that all of these folders and repositories have been searched and relevant, responsive documents produced to HID.

**Defendants' Issue # 2: Defendants' Interrogatory No. 22**

Defendants' Interrogatory No. 22 asks for HID to describe all instances in which customers of HID SAFE have ceased being customers of HID SAFE, including description of each customers, timeframes in which they were a customer and stopped being a customer, all reasons why the customer stopped being a customer, all information about any different provider customer switched to after leaving HID and an identification of all documents that are responsive

to this interrogatory as well as people with relevant information. (*See* Def. June 9, 2023 Letter at 1 and Exh. A at 6.)

While the reasons for HID's customers terminating their relationship with HID is a highly contested issue and will be an underlying factual issue that ultimately needs to be determined by the jury in this case, HID must disclose the facts whether supportive, or not, relevant to its claims and defenses in this action.  Fed. R. Civ. P. 26.  I am not asking for HID to concede or speculate that there was a particular reason that any customer left HID, but I do order that HID supplement its response to include, at a minimum, a reference to all documents responsive to this interrogatory and to identify any stated reason by any customer to HID at any time about why it stopped being a customer.  To the extent, all information is already identified, I cannot order anything further.  I hereby also order that HID produce the Excel document referenced by Ms. Kralian at her deposition at 38:17-39:15 (Def. Letter at Exh. D) and further include any stated reasons a customer terminated its relationship with HID as detailed in this spreadsheet in any supplemental response to Interrogatory No. 22.

**Defendants' Issue #4: Plaintiff's Objections to Defendants' 30(b)(6) Topics 106-108**

Topic 106:  While I agree that it may not have been completely clear to what extent that HID intends to rely on the E&Y valuation as part of its damages case until its May 17, 2023 Fourth Supplemental Response to Interrogatory No. 4, the valuation was referenced, specifically by Bates number, in HID's April 17, 2023 Third Supplemental Response to Interrogatory No. 4. (*See* Pltf. Opposition Letter June 11, 2023 at Exh. 4 (referencing HIS-00001821).)   Moreover, the May 17 supplementation came before Mr. Moxon's deposition on June 2, 2023 and was in fact used with Mr. Moxon at his deposition. Mr. Moxon was designated on a similar topic, questioned and prepared to testify on this document.  (*See* Pltf. Opp. Letter June 11, 2023 at Exh.

16.) While Vector Flow may now want to ask additional questions concerning this document, it had that opportunity on June 2, 2023. I will not order production of an additional witness on this topic.

      Topic 107: HID supplemented its interrogatory response concerning its trade secret allegations on May 17, 2023 pursuant to an order I issued earlier in this matter. Given that Mr. Campbell's deposition was only eight days after the supplementation and due to the importance of these contentions to the case, I order that HID produce a corporate witness to testify as to Topic 107. The deposition will be limited to no more than 2 hours (given that Vector Flow did spend some time with Mr. Campbell on these issues) and will count against Vector Flow's 70-hour deposition limit.

      Topic 108: While I agree that Vector Flow questioned Mr. Campbell on Topic 31, I find that topic to be distinct from what is sought from a witness on Topic 108. Topic 31, and the testimony from Mr. Campbell, focused on the product offering itself, the market for SOC and the general differences between the Vector Flow product offerings and the HID SAFE products. Where Topic 31 focuses on whether a product exists and competes, and in which market HID contends it competes, Topic 108 focuses on the development of the HID or Quantum Secure SOC and the marketing and sales documents that discuss and describe the product and its relevant features. I therefore order HID to produce a corporate witness on Topic 108. The deposition will be limited to the development of the HID/Quantum Secure SOC, the product features, and any internal documents related to the HID/Quantum Secure SOC. It will further be limited to 2 hours (given that Vector Flow did spend some time with Mr. Campbell on these issues) and will count against Vector Flow's 70-hour deposition limit.

The transcript from the June 13, 2023 hearing will serve as the order on the remaining issues in the parties' June 10 discovery letters.

Dated: June 11, 2023                    /s/ Karen E. Keller
                                        Special Master Karen E. Keller, Esq.