IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HID GLOBAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1769 (GBW) |
| | ) | (CONSOLIDATED) |
| | ) | |
| VECTOR FLOW, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

The Court entered an Order assigning me to serve as a special master to hear and decide discovery disputes in this litigation. (D.I. 191). Pending before me is a dispute regarding deposition length of Plaintiff HID Global Corp.'s ("HID") expert, Dr. Mark T. Jones.

Fed. R. Civ. P. 30(d)(1) states: "**(1) *Duration.*** Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. **The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent** or if the deponent, another person, or any other circumstance impedes or delays the examination." (Emphasis added).

"Under Rule 30(d)(1), allowing additional time to examine a deponent is not permissive but mandatory where there is an issue of fairness as to the adequacy of the presumptive 7 hour limit on depositions." *Halsey v. Pfeiffer*, No. CIV.A. 09-1138, 2010 WL 3735702, at *2 (D.N.J. Sept. 17, 2010). In addition, the advisory committee notes to the 2000 amendments to the Rule state "with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories

1

upon which the witness relies." The party seeking the additional time must demonstrate good cause to extend beyond the 7 hours set by the rules. *Id.*

In this case, I find that Vector Flow has demonstrated good cause to extend the deposition to 14 hours. While I find it troublesome that the dispute was not raised until the day before the deposition, I also find it disheartening that the parties could not reach a compromise on this issue as the advisory committee notes recommend. That said, HID's expert, served three expert reports covering all liability issues in the case: infringement, validity, whether HID's product practices the patent, breach of non-compete agreements, breach of fiduciary duty, and trade secret misappropriation. Regardless of the length of the reports (although the reports here are quite lengthy), the sheer number of topics covered in the reports demonstrate the good cause needed for the additional time. Moreover, many of these topics do not overlap in either their underlying facts or legal theories. Had HID chosen to use different experts on these topics, Vector Flow would have been entitled to 7 hours with each expert. Fourteen hours does not seem excessive given the breadth of the reports. This is not inconsistent with the D. Del. cases cited by the parties. In those cases, the experts provided opinions on two legal theories (infringement and validity), not six, as Dr. Jones has here. The district court in those cases where two theories needed to be addressed found 10-11 deposition hours sufficient (and in one J. Stark matter, ordered 14 hours). Extending that reasoning to six legal theories and fourteen hours seems reasonable.

While the Rule and the advisory committee notes recommend trying to complete the deposition in one day, 14 hours is quite a long time for anyone (including the court reporter) to sit for deposition. I therefore will allow Vector Flow to break up the deposition into two days if it (or the witness) feels it necessary. I understand the tight scheduling and the intervening

holiday, but both parties have numerous lawyers from large firms that can take or defend the deposition and given that the expert is being paid by HID for his time, and knowing how extensive his reports were, he should have expected the possibility of needing to sit for more than one day of testimony. If easier to schedule the second day of testimony, Vector Flow should take the second day of testimony remotely.


Dated: August 24, 2023                                  /s/ *Karen E. Keller, Esq.*
                                                        Special Master Karen E. Keller, Esq.